LAW OFFICES
# ROBERT N. FELIX
11 BROADWAY, SUITE 715
NEW YORK, NEW YORK 10004

Tel. No. 212-747-1433
Fax No. 212-943-1238

Member New York State Bar

Admitted, SDNY, EDNY, Dist. of Conn.
Court of Appeals, Second Circuit

June 18, 2009

**VIA ECF AND MAIL**
The Hon. Sandra J. Feuerstein, USDJ
United States District Court
Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, New York 11722-4449

    Re: **Ricardo Brenes v. City of New York et al.**
       <u>**Docket No. 01 Civ. 3943 (SJF) (LB)**</u>

Dear Judge Feuerstein:

  I am the attorney for the Plaintiff, Ricardo Brenes. By this letter, Plaintiff brings to the Court's attention the fact that Defendants in this action have failed to comply with the Court's Order entered on April 23, 2009.

  By Order dated April 23, 2009, the Court stated, in pertinent part, as follows:

> ORDERED that plaintiff is granted leave to amend his complaint to assert a due process claim on the basis that his termination was improper since he obtained tenure by operation of law, **within thirty (30) days** from the date of entry of this order, or he will be deemed to have waived his right to amend the complaint; and it is further (emphasis in original)
>
> ORDERED that Frank, the only remaining defendant from the original complaint, and any defendant(s) named in the amended complaint as personally involved in the alleged due process violation, must answer the amended complaint **within twenty (20) days** from the date of service upon them of the amended complaint and it is further (emphasis in original)
>
> ORDERED that any additional discovery required by the parties and relevant only to the due process claim must be completed by **August 17,**

**2009.** The parties will not be permitted to conduct additional discovery with respect to plaintiff's original claims, as discovery has been closed since May 2006. No extensions of time will be granted absent exigent circumstances . . . (emphasis in original)

On May 21, 2009, I filed a Notice of Appearance on behalf of the Plaintiff and in compliance with the April 23, 2009 order timely filed an Amended Complaint via ECF and mailed the pleadings to Michael Cardozo, Corporation Counsel, attention Isaac Klepfish, Assistant Corporation Counsel, the attorney who represents the defendants in this action. I also filed a Certificate of Service.

On May 22, 2009, attorney Klepfish telephoned me and stated that he had received the Amended Complaint, asking me one or two questions about the amended complaint, and stated that he would be representing the defendants during discovery. He also stated that another attorney would be handling the actual trial. He also mentioned that he will be on vacation most of the month of August 2009.

Pursuant to the Court's April 23, Order, defendants were required to answer the amended complaint **within twenty (20) days** from the date of service upon them. It is now twenty-eight (28) days since the amended complaint was timely served, and defendants have not answered, nor have they sought timely an extension of time to answer or offered any reason that might possibly qualify as "exigent circumstances" for their delay.

In view of defendants' failure to answer the amended complaint and to comply with the Court's clear and specific Order in this matter, we ask the Court to deem all of the well-pleaded allegations in the amended complaint as admitted. We believe that this is the logical consequence of defendants' failure to obey the Court's directive. In the alternative, we ask that defendants' show cause why a default judgment on liability should not be entered. We have no doubt that had the Plaintiff failed to comply with the Court's Order, the Court, as noted in its Order, would have deemed such failure as a waiver of his right to amend the complaint. It is our position that defendants must suffer the consequences of its failure to comply with the Court's specific direction.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). A party's default admits all well-pleaded allegations in the complaint pertaining to liability. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.* ., 109 F.3d 105, 108 (2d Cir.1997); *Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992).

We have not, as yet, asked the clerk to enter a formal default, as we wish to avoid unnecessary motion practice and, instead, bring the issue of defendants' failure to the Court's attention first.

2

We are aware that "[t]he dispositions of motions for entries of defaults and default judgments ... are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Shah v. New York State Dept. of Civil Serv.*, 168 F.3d 610, 615 (2d Cir.1999) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.1993)). In making the determination as to whether a default judgment should be entered, some courts consider:

"[T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment may have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant. *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 513 F.Supp.2d 1, 3 (S.D.N.Y.2007).

In deciding whether to enter a default judgment, a court is to consider the following three factors: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether the non-defaulting party has been prejudiced. *See Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir.1994).

With respect to the first factor, defendants were aware that this case is over eight (8) years old, that the Second Circuit had vacated the district court's judgment, in part, and that this Court thereafter scheduled a short time to conduct discovery. Defendants' counsel was aware of the amended complaint, and if he followed the Court's docket, should have been aware of the precise deadlines. There is no excuse for the failure to file a timely answer nor do we believe that there are exigent circumstances that explain it failure.

With respect to whether there is a meritorious defense, the Court should carefully consider the language of the Second Circuit's Summary Order in remanding this action to the district court. The Second Circuit stated:

> We also vacate the district court's denial of leave to amend the complaint to assert a due process claim arising from Brenes's termination. We hold that the district court erred in finding that Brenes's due process claim is barred by claim preclusion, and conclude that evidence in the record might support Brenes's claim.

The Court went on to state the following:

> Moreover, we conclude that evidence in the record might support Brenes's due process claim. Brenes alleges that he was tenured at the time of his termination, giving him a right to procedural protections before he could

3

be fired. *See O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir.2005). He relies on a theory of tenure by estoppel, which "results when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term" *Speichler v. Bd. of Co-op. Educ. Servs.*, 90 N.Y.2d 110, 114, 659 N.Y.S.2d 199, 681 N.E.2d 366 (1997) (internal quotation marks omitted). The defendants-appellees' answer concedes that Brenes began his probationary term on September 2, 1997, which might have given him tenure by estoppel by the time he was terminated. The defendants-appellees now assert that this concession was in error and that Brenes worked as a regular substitute teacher rather than as a probationary teacher during the September 1997 school term. The defendants-appellees never moved to amend their answer, however, and are therefore bound by their judicial admission. *See Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir.2006). Moreover, the evidence in the record does not clearly establish when a teaching position or appointment qualifies as "probationary" or "regular substitute." Accordingly, we vacate the district court's denial of leave to amend. We express no opinion as to whether the district court should permit the defendants-appellees to amend their answer and what impact any such amendment would have on Brenes's claim. *Cf. United States v. McKeon*, 738 F.2d 26, 31 (2d Cir.1984) ("The law is quite clear that [superseded] pleadings constitute the admissions of a party-opponent....").

Here, defendants will not be able to show a meritorious defense since their judicial admissions as to the initial complaint, establish that Plaintiff has obtained tenure by operation of law. To prevail, defendants will have to try to undo their judicial admission, which is the law of the case. Moreover, given the Court's short schedule for additional discovery, plaintiff has been substantially prejudiced as he does not know which facts in the amended complaint are admitted or denied and what defenses, if any, defendants may raise or try to raise.

Respectfully requested,

Robert N. Felix, Esq.
Attorney for Plaintiffs

To: Michael A. Cardozo,
Corporation Counsel of the City of New York
Isaac Klepfish, Assistant Corporation Counsel
Attorney for Defendants
100 Church Street
New York, New York 10007
212-788-0897

**Order**

The application is:
___ granted
_X_ denied. In light of the short delay, the discovery deadline is extended until August 24, 2009.
___ referred to Magistrate Judge
___ decision
___ report and recommendation

No further extensions

7/6/09

4