

**MICHAEL A. CARDOZO**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**LARRY R. MARTINEZ**
Labor and Employment Division
Phone: (212) 227-3153
FAX: (212) 788-0940
lmartine@law.nyc.gov

October 15, 2009

<u>BY ELECTRONIC CASE FILING</u>

Honorable Tucker L. Melançon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

    Re: <u>Brenes v. City of New York, et al.</u>
       01 Civ. 3943 (TLM)
       Our No. 01GL000530

Dear Judge Melançon:

  I am the Assistant Corporation Counsel assigned to defend the above referenced matter in which the defendants are the City of New York ("City"), the New York City Department of Education ("DOE") (formally the Board of Education of the City School District of the City of New York), Rudolph Crew, individually and as Chancellor of the DOE, Granger Ward, and Joanne Frank.  Plaintiff's Counsel, Robert Felix, and I submit this joint letter respectfully requesting a modification of the discovery schedule that was filed on August 19, 2009.  <u>See</u> Docket Entry 135.

  On August 13, 2009, the Court issued an Order reopening discovery on the limited issue of plaintiff's Due Process Clause claim brought under 42 U.S.C. § 1983 ("§ 1983").  Plaintiff raised this claim in the First Amended Complaint, which was filed on May 21, 2009, by leave of the Court.  <u>See</u> First Amended Complaint, Docket Entry 118.  Plaintiff alleges that his claim is based on a series of events that occurred from 1994 through 1999.  <u>Id.</u>

  The parties have been actively engaged in discovery but have realized that, given the elapse of 15 years since the occurrence of the alleged events cited by plaintiff in the amended complaint, more time is needed to complete discovery.  Specifically, the parties require more time to: (1) identify and locate witnesses that have since retired from DOE service and who may

**HONORABLE TUCKER L. MELANÇON**
United States District Judge
<u>Brenes v. City of New York, et al.</u>
01 Civ. 3943 (TLM)
October 15, 2009
Page 2


have knowledge of the events in question; (2) locate documents that may be 15 years or more old; (3) conduct depositions of various individuals; and (4) review the deposition transcripts in anticipation of possible motions for summary judgment. Finally, defendants have proposed an amendment of their Answer to the First Amended Complaint in an effort to clarify their defenses and streamline discovery. Plaintiff reserves his rights with respect to his position on defendants' proposed amendment.

The parties have agreed to a new discovery schedule and respectfully request the Court's approval:

- December 1, 2009 - Amendment of Defendants' Answer to the First Amended Complaint;

- December 1, 2009 - Supplemental document exchanges and interrogatory responses to be to be completed;

- February 1, 2010 - Depositions to be completed;

- April 2, 2010 – Parties to make dispositive motions;

- May 17, 2010 – Parties to oppose dispositive motions;

- May 31, 2010 – Replies and dispositive motions to be fully submitted.

A status conference to be convened on a date that is convenient for the Court. We thank the Court for its time and consideration of this matter.

Respectfully Submitted,

/s/

Larry R. Martinez
Assistant Corporation Counsel


Cc: Robert N. Felix, Esq.
(By Electronic Mail)