

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **LARRY R. MARTINEZ**<br>Labor and Employment Division<br>Phone: (212) 227-3153<br>FAX: (212) 788-0940<br>lmartine@law.nyc.gov |

February 17, 2010

**BY ELECTRONIC CASE FILING**

Honorable Tucker L. Melançon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:   Brenes v. City of New York, et al.
                 01 Civ. 3943 (TLM)

Dear Judge Melançon:

       I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to defend the City of New York, the New York City Department of Education ("DOE") formerly known as the Board of Education of the City of New York, Rudolph Crew individually and as Chancellor of the DOE, Granger Ward, and Joanne Frank (collectively "defendants") in the above referenced matter.

       As indicated by the attached stipulation, plaintiff's counsel, Robert Felix, and I submit this joint letter to the Court to respectfully request a modification of the expert discovery schedule that was "So Ordered" by the Court on November 25, 2009. See Docket Entry, 144. Specifically, defendants respectfully request that the time for their response to plaintiff's economic expert report and/or to depose plaintiff's expert be extended until 30 days after the Court issues a decision on the pending motions for summary judgment regarding plaintiff's due process claim. The parties also seek that plaintiff's time to submit a reply to defendants' expert report and/or to depose defendants' expert be similarly extended.

       Defendants make this request because, at this point, they do not intend to designate an economic expert. However, defendants would like to preserve the opportunity to depose plaintiff's expert (and revisit whether to designate a defendants' economic expert) after the court issues a decision on the motions for summary judgment and before the trial on plaintiff's remaining First Amendment retaliation claim. Defendants seek this course of action in an effort to make efficient use of expert discovery in this case as well as to conserve defendants' financial resources.

We thank the Court for its time and consideration of this matter.

Respectfully Submitted,

Larry R. Martinez
Assistant Corporation Counsel

Robert N. Felix, Esq.
Attorney for the plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

RICARDO BRENES,

                                                Plaintiff,

              -against-

JOANNE FRANK, Principal, Norman Thomas High School, Individually and in her Official Capacity; RUDOLPH CREW, Individually and in his former Official Capacity as Chancellor; GRANGER WARD, Individually and in his former Official Capacity as Manhattan Superintendent; the NEW YORK CITY DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK and THE CITY OF NEW YORK THE BOARD OF EDUCATION OF THE CITY OF NEW YORK,

                                                Defendants..

**STIPULATION**

01-CV-3943 (TLM)(LB)

-------------------------------------------------------------------- x

**WHEREAS**, the parties executed a stipulation pertaining to expert discovery, dated November 25, 2009, which became an order of the Court in the above captioned action ("November 25th Order"); and

**WHEREAS**, pursuant to the November 25th Order,

- the report of defendants' designated expert is to be produced on or before February 26, 2010;

- the deposition of plaintiff's expert is to be completed on or before February 26, 2010;

- the deposition of defendants' expert is to be conducted 30 days thereafter;

- the supplemental and modified report of plaintiff's designated expert is to be produced 30 days after the receipt of defendants' expert report

**WHEREAS,** for the reasons set forth in their letter to the Court dated February 17, 2010, the parties seek to modify the expert discovery schedule;

**WHEREAS,** the modified expert discovery schedule will have no impact on the current motion schedule whereby responses to the parties motions are due on or before February 19, 2010, with replies due on or before March 5, 2010; **NOW, THEREFORE,**

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties, as represented below, the expert discovery schedule set forth in the November 25th Order is hereby modified as follows;

- Defendants' time to respond to plaintiff's economic expert report and/or to depose plaintiff's expert is extended until a date no more than 30 days after the Court issues a decision on the pending motions for summary judgment regarding plaintiff's due process claim;

- Plaintiff's time to respond to defendants' expert report and/or to depose plaintiff's expert is extended to date 30 days after the receipt of defendants' report.

Dated:   New York, New York          **LAW OFFICES OF ROBERT N. FELIX**
         February 18, 2010           Attorney for the Plaintiff
                                     11 Broadway
                                     Suite 715
                                     New York, NY 10004

                                     By:   /s/ ROBERT FELIX
                                           Robert N. Felix, Esq (RF4229)

Dated:  New York, New York
       February 18, 2010

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Respondents
100 Church Street, Room 2-314
New York, New York 10007-2601
(212) 227-3153

lmartine@law.nyc.gov

By:  /s/ LARRY MARTINEZ
        Larry R. Martinez (LM1950)
        Assistant Corporation Counsel

**SO ORDERED:**

_____       _____
        Date                                         J.S.C.