UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICARDO BRENES,

Plaintiff,

-against-

JOANNE FRANK, Principal, Norman Thomas High
School, Individually and in her Official Capacity;
RUDOLPH CREW, Individually and in his former
Official Capacity as Chancellor; GRANGER WARD,
Individually and in his former Official Capacity as
Manhattan Superintendent; the NEW YORK CITY
DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK and THE CITY OF NEW YORK  THE
BOARD OF EDUCATION OF THE CITY OF NEW
YORK,

Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
COUNTER STATEMENT
PURSUANT TO
LOCAL CIVIL RULE 56.1**

01-CV-3943 (TLM)(LB)

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court

for the Eastern District of New York, defendants, by their attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, respectfully submit the following response to

plaintiff's "56.1 Statement," dated January 15, 2010 ("Plaintiff's 56.1 Statement"):[1] [2]

---

[1] Defendants are Rudolph F. Crew, Granger Ward, Joanne Frank, the Board of Education of the
City School District of the City of New York, ("BOE"), and the City of New York.

[2] Plaintiff's 56.1 Statement is comprised a 204 paragraph tome of factual assertions that are not
material to his due process claim.  Plaintiff's claim turns on whether a genuine issue of material
fact exists concerning whether, at the time of his termination on February 1, 1999, he was a
tenured teacher and entitled to a trial-type hearing prior to termination.  Plaintiff alleges that he
obtained tenure by estoppel and stakes his claim on two alternative theories, both of which rely
on moving his formal appointment date from February 2, 1998, to sometime in September, 1997.
First, plaintiff asserts that, based on an alleged admission made in defendants' answer to the
original complaint, plaintiff was formally appointed to a probationary, tenure-track, teaching
position at Seward Park High School on September 2, 1997, and achieved tenure one-year later,
on or about, September 2, 1998.  Second, relying on <u>Ricca v. Board of Education</u>, plaintiff

1.     Deny factual assertions and the materiality of the factual assertions made in paragraph "1," of Plaintiff's 56.1 Statement, except admit that plaintiff was employed by the BOE in various titles and positions between April, 1993, and February 1, 1999. See Def. 56.1, ¶ "1,"; Human Resources System ("HRS") List Report, Ex." C."[3]

2.     Deny the materiality of the factual assertions set forth in paragraph "2," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

3.     Deny the factual assertions and the materiality of the factual assertions made in paragraph "3," of Plaintiff's 56.1 Statement, except admit  that the BOE is an employer and was subject to certain regulations of the New York State Department of Education ("SED") and respectfully refer the Court to Education Law §§ 2590, et seq., for a complete and accurate description of the organization, powers, and purpose of DOE and Education Law § 2590-h for the full and accurate description of  the powers of the Chancellor of DOE.  See Amended Answer to Amended Complaint, Ex. "B," ¶ "8."

---

alleges that assuming he was not formally appointed on September 2, 1997, he should be deemed to have been appointed on September 10, 1997, the date he accepted a regular substitute (non-tenured track), position at Seward Park. As further discussed in defendants' memorandum in opposition to plaintiff's motion for summary judgment,  no genuine issue exists regarding the fact that plaintiff did not achieve tenure, by estoppel or otherwise, prior to his February 1, 1999 termination.  Plaintiff did not have tenure, had no constitutionally cognizable property interest in the teaching position, and, thus, no Due Process Clause claim.  Accordingly, defendants object to the materiality of many, if not all, of the factual assertions set forth in plaintiff's 56.1 Statement which do not pertain to plaintiff's Due Process Claim.

[3] Unless otherwise noted, all references to "exhibits" refer to the exhibits cited in Defendants' 56.1 Statement, dated January 15, 2009 ("Def. 56.1") and attached to the Declaration of Larry R. Martinez in Support of Defendants' Motion for Summary Judgment, dated January 15, 2010, which were previously filed with the Court.

4.      Deny the factual assertions and the materiality of the factual assertions made in paragraph "4," of Plaintiff's 56.1 Statement, except admit  that the BOE is an employer and was subject to certain regulations of the SED and respectfully refer the Court to Education Law §§ 2590, et seq., for a complete and accurate description of the organization, powers, and purpose of DOE and Education Law § 2590-h for the full and accurate description of  the powers of the Chancellor. See Amended Answer to Amended Complaint, Ex. "B," ¶  "9."

5.      Deny the factual assertions and the materiality of the factual assertions made in paragraph "5," of Plaintiff's 56.1 Statement, except admit that the City of New York ("City") is a municipal corporation duly organized and existing pursuant to the Constitution and laws of the State of New York and that the City has employees and affirmatively state that the City and BOE are separate entities.  See Amended Answer to Amended Complaint, Ex. "B," ¶ "10."

6.      Deny the materiality of the factual assertions set forth in paragraph "6," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

7.      Deny the factual assertions and the materiality of the factual assertions made in paragraph "7," of Plaintiff's 56.1 Statement except admit that Joanne Frank was employed by the DOE and served as principal of Norman Thomas High School ("NTHS") and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

8.      Deny the materiality of the factual assertions set forth in paragraph "8," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those

assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

9.      Deny the materiality of the factual assertions set forth in paragraph "9," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

10.      Deny the materiality of the factual assertions set forth in paragraph "10," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

11.      Admit the factual assertions in paragraph "11," of Plaintiff's 56.1 Statement, except deny the materiality of those assertions and affirmatively state that teachers were informed by BOE Division of Human Resources that all referrals for appointed positions were conditioned on the existence of a vacancy and an interview by a district representative or by a school representative. See Def. 56.1, ¶¶ "59," – "70,"; see also Campbell Dep., Ex "D," at 17:25-19:11; 26:13-27:24; Schedule of Placement Centers for July, 1997, Ex. "GG,"; Chancellor's Regulation, C-205, (19), Ex. "H,"; Chancellor's Regulation, C-200, (18), (26), Ex. "H,"

12.      Deny the materiality of the factual assertions set forth in paragraph "12," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

13.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "13," of Plaintiff's 56.1 Statement, except admit that, in general, pedagogical eligible lists are administered by ORPAL and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

14.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "14," of Plaintiff's 56.1 Statement, except admit that individuals whose names appear on an eligible list are permitted to attend a placement center for possible appointment to a pedagogical position and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

15.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "15," of Plaintiff's 56.1 Statement, except admit that plaintiff's name appeared on the eligible list and he was qualified to attend placement centers and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

16.    Deny the materiality of the factual assertions set forth in paragraph "16," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

17.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "17," of Plaintiff's 56.1 Statement, except admit that on or about July 2, 1997, the BOE issued plaintiff two conditional teaching licenses authorizing plaintiff to teach bi-lingual social studies in New York City Junior and High Schools, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

18.     Deny the factual assertions and the materiality of the factual assertions made in paragraph "18," of Plaintiff's 56.1 Statement, except admit that on or about July 2, 1997, the BOE issued plaintiff two conditional teaching licenses authorizing plaintiff to teach bi-lingual social studies in New York City Junior and High Schools, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. See Def. 56.1, ¶ "65," see also Conditional Licenses,  Ex. "FF." [4]

19.     Deny the materiality of the factual assertions set forth in paragraph "19," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

20.     Deny the factual assertions in paragraph "20," of Plaintiff's 56.1 Statement, except admit that plaintiff listed himself as available for an appointed position under his two conditional teaching licenses to teach bi-lingual social studies in New York City Junior and High School; further admit that plaintiff was eligible to be called to a placement center which referred pedagogues to "hiring halls" held at various school districts with potential

---

[4] Plaintiff relies on the deposition testimony of Ann Rosen, who is employed by plaintiff's union, the United Federation of Teachers ("UFT"), throughout Plaintiff's 56.1 Statement.  However, Ms. Rosen is not a fact witness in this case and plaintiff has never attempted to qualify her as an expert.  Ms. Rosen is not employed by the BOE and was not employed by the BOE Office of Staffing Services or the Office of Recruitment Personnel Assessment and Licensing ("ORPAL") at anytime from the inception of this suit in 2001 to the present.  Accordingly, she cannot speak for, or make admissions on behalf of, the BOE regarding the date of plaintiff's appointment or whether any vacancies existed within plaintiff's license area during the relevant times in this case.  Ultimately, to the extent plaintiff has failed to qualify Ms. Rosen as an expert, her opinion concerning any of the facts of this case is inadmissible.  See Fed. R. Evid. 702 (the district court may admit expert testimony if the witness is "qualified as an expert by knowledge, skill, experience, training"); see also Fed. R. Civ. P. 56(e); Local Civil Rule 56.1; United States v. Amuso, 21 F.3d 1251, 1263 (2d Cir. 1994) ("A district court may commit manifest error by admitting expert testimony where the evidence impermissibly mirrors the testimony offered by fact witnesses…").

vacancies for appointments or substitute assignments or both.  See Def. 56.1, ¶ "67" – "70."; see also Campbell Dep., Ex. "D," at 17:25-19:11; 26:13-27:2;  Pl. HRS Service History List Report, Ex. "C,"; Kicinksi Decl., Ex. "E."

21.     Deny the factual assertions in paragraph "21," of Plaintiff's 56.1 Statement, and affirmatively state that, on or about September 10, 1997, plaintiff accepted a regular substitute teaching position as an un-appointed Certified Provisional Teacher ("CPT") at Seward Park High School (M445) ("Seward Park HS") Manhattan, New York. See Def. 56.1, ¶¶ "85," – "89,"; see also personnel transaction form, signed by the plaintiff on September 10, 1997, Ex. "NN;" letter from plaintiff to the UFT, dated September 7, 1997, Ex. "LL,";  Kicinski Decl., Ex. "E," ¶ 6.

22.     Paragraph "22," of Plaintiff's 56.1 Statement asserts a legal conclusion for which no response is required.  To the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions made in paragraph "22," of Plaintiff's 56.1 Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "his probationary period expired on February 2, 1999," and further that defendants' answer to the first amended complaint and the amended answer to the first amended complaint completely supplants and replaces the answer to the original complaint  See Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; see also Answer to Amended Complaint, dated June 19, 2009, which is annexed to the Martinez 2/19/10 Decl., as Ex. "D," ; Amended Answer to the Amended Complaint dated November 15, 2009, Ex. "B."

23.     Paragraph "23," of Plaintiff's 56.1 Statement asserts a legal conclusion for which no response is required.  To the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions made in paragraph "23," of Plaintiff's 56.1 Statement, and affirmatively state that defendants have moved to amend their answer, that this motion was granted, and that defendants have amended their answer, and respectfully refer to the Second Circuit decision in Brenes v. City of New York, for a complete and accurate statement of its contents.  See Brenes v. City of New York, No. 07 Civ. 5549, 2009 U.S. App. LEXIS 6270, (2d. Cir. March 23, 2009), Ex. "FFF."

24.     Deny the materiality of the factual assertions set forth in paragraph "24," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

25.     Deny the materiality of the factual assertions set forth in paragraph "25," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

26.     Deny the factual assertions and the materiality of the factual assertions made in paragraph "26," of Plaintiff's 56.1 Statement, except admit that based on his prior substitute service, plaintiff had earned two years of "Jarema" credit towards the completion of the three-year probationary period  See Def. 56.1, ¶¶ "113," – "114,"; see also BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Ex. "RR,"; Frank 2009 Dep., Ex. "Z," at 29:21-30:40; 34:10-16;  N.Y. Educ. Law § 2509(1)(a).

27.     Deny the factual assertions and the materiality of the factual assertions made in paragraph "27," of Plaintiff's 56.1 Statement, except admit that plaintiff taught various courses, including bi-lingual social studies, at Seward Park HS as a regular substitute, non-tenured track, teacher from September 10, 1997, until January 20, 1998; admit further that plaintiff taught bi-lingual social studies as a conditionally appointed probationary, tenured-track, teacher at Norman Thomas High School, from February 2, 1998, until he was denied certification of completion of his probation on January 15, 1999, and terminated on February 1, 1999.  See Def. 56.1, "89," –"95,"; "105," – "116,"; see also Kicinski Decl., Ex. E, ¶ "6," ; HRS List Report, Ex. "C,"; Stoopack Dep., 30:1-30:21; 33:1-33:13; 50:22-51:2; 58:10-58:16; BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Ex. "RR."

28.     Deny the factual assertions and materiality of the factual assertions made in paragraph "28," of Plaintiff's 56.1 Statement, except admit that for a formal evaluation for the 1997-98 school year plaintiff received an overall rating of "satisfactory" based on his service at NTHS and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

29.     Deny the factual assertions in paragraph "29," of Plaintiff's 56.1 Statement, affirmatively state that plaintiff's assertion that "On September 6, 1998, Plaintiff returned to NTHS with tenured rights by operation of law," is unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d); further state that from September 10, 1997, through January 20, 1998, plaintiff taught at Seward Park High School as a regular substitute, non-tenured track, teacher; plaintiff was formally appointed to a tenured-track teaching position at Norman Thomas High School on

February 2, 1998 where he taught until he was denied certification of completion of probation on January 15, 1999 and terminated on February 1, 1999.  See Def. 56.1, "89," –"95,"; "105," – "116,";  see also Kicinski Decl., Ex. E, ¶ 6; HRS List Report, Ex. "C,"; personnel transaction form, signed by the plaintiff on September 10, 1997, Ex. "NN;"; PTF, signed by plaintiff on January 30, 1998, Ex. "RR,"; Stoopack Dep., 30:1-30:21; 33:1-33:13; 50:22-51:2; 58:10-58:16; BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Ex. "RR,"; letter from Chancellor Rudolph F. Crew to the plaintiff, dated January 15, 1999, Ex. "VV."

30.     Deny the factual assertions in paragraph "30," of Plaintiff's 56.1 Statement, affirmatively state that plaintiff's assertion that "[p]laintiff acquired tenure by estoppel based on merit and service as a bilingual social studies teacher…from September 2, 1997…to September 2, 1998…since the NYCBOE accepted the continued services of Plaintiff but failed to take the action required by law to either grant or deny tenure prior to the expiration of the probationary term," is unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d).  See Def. 56.1, "89," –"95,"; "105," – "116,";  see also Kicinski Decl., Ex. E, ¶ 6; HRS List Report, Ex. "C,"; personnel transaction form, signed by the plaintiff on September 10, 1997, Ex. "NN;"; PTF, signed by plaintiff on January 30, 1998, Ex. "RR,"; Stoopack Dep., 30:1-30:21; 33:1-33:13; 50:22-51:2; 58:10-58:16; BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Ex. "RR,"; letter from Chancellor Rudolph F. Crew to the plaintiff, dated January 15, 1999, Ex. "VV."

31.     Deny the factual assertions set forth in paragraph "31," of Plaintiff's 56.1 Statement except admit that, in general, tenured teachers may be terminated for misconduct or

incompetence only after a formal disciplinary process under New York Education Law § 3020-a and respectfully refer the Court to the statutory provision cited therein for a complete and accurate statement of its contents.

32.     Deny the factual assertions set forth in paragraph "32," of Plaintiff's 56.1 Statement, except admit that plaintiff's probationary employment with the BOE was terminated on February 1, 1999, and affirmatively state that as a probationary employee plaintiff was not entitled to the procedures set forth by Section 3020-a of the New York Education Law.  See Def. 56.1, ¶ "164,"; Kicinski Decl., Ex. E, ¶ 6; see also HRS List Report, Ex. "C,"; personnel transaction form, signed by the plaintiff on September 10, 1997, Ex. "NN;"; PTF, signed by plaintiff on January 30, 1998, Ex. "RR,"; Stoopack Dep., 30:1-30:21; 33:1-33:13; 50:22-51:2; 58:10-58:16; BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Ex. "RR,"; letter from Chancellor Rudolph F. Crew to the plaintiff, dated January 15, 1999, Ex. "VV,"; Letter from Principal Frank to plaintiff, dated February 1, 1999 (termination letter), Ex. "VV."

33.     Deny the factual assertions made in paragraph "33," of Plaintiff's 56.1 Statement, and affirmatively state that plaintiff's assertion that "[a]s Brenes acquired tenured rights by estoppel in or about September 1998, Brenes was entitled, by law, to the statutory protections provided by the NYS Educ. Law § 3020-a…" is unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d).  See Kicinski Decl., Ex. E, ¶ 6; see also HRS List Report, Ex. "C,"; personnel transaction form, signed by the plaintiff on September 10, 1997, Ex. "NN;"; PTF, signed by plaintiff on January 30, 1998, Ex. "RR,"; Stoopack Dep., 30:1-30:21; 33:1-33:13; 50:22-51:2; 58:10-58:16; BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High

Schools," Ex. "RR,"; letter from Chancellor Rudolph F. Crew to the plaintiff, dated January 15, 1999, Ex. "VV,"; Letter from Principal Frank to plaintiff, dated February 1, 1999 (termination letter), Ex. "VV."

34.    Admit the factual assertions set forth in paragraph "34," of Plaintiff's 56.1 Statement, except deny the materiality of those factual assertions, and affirmatively state that plaintiff's assertion that "[f]rom on or about September, 1993, to September, 1996, Brenes worked as a regular substitute bilingual teacher of social studies teacher (Spanish) at MLKHS," is unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d); state further that: (a) during the 1993-94 school year plaintiff was employed as a long term per-diem substitute teacher at MLKHS; (b) during the 1994-95 school year plaintiff was employed as Dean at MLKHS; and (c) during the 1995-96 school year plaintiff was employed as a regular substitute teacher of bi-lingual social studies at MLKHS.  See Def. 56.1, ¶¶ "9," – "10"; "23," "35," and "39."

35.    Deny the materiality of the factual assertions set forth in paragraph "35," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

36.    Deny the materiality of the factual assertions set forth in paragraph "36," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

37.    Deny the materiality of the factual assertions set forth in paragraph "37," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those

assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

38.     Deny the materiality of the factual assertions set forth in paragraph "38," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

39.     Deny the materiality of the factual assertions set forth in paragraph "39," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

40.     Deny the materiality of the factual assertions set forth in paragraph "40," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

41.     Deny factual assertions and the materiality of the factual assertions made in paragraph "41," of Plaintiff's 56.1 Statement, and affirmatively state that plaintiff's assertion that "[f]rom on or about September 6, 1996 to August 25, 1997, Brenes worked as a bilingual teacher of social studies teacher (Spanish) at GCAHS," is unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d). See Def. 56.1, ¶¶ "42," – "44."

42.     Deny the materiality of the factual assertions set forth in paragraph "42," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those

assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

43. Deny the materiality of the factual assertions set forth in paragraph "43," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

44. Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "44," of Plaintiff's 56.1 Statement, except admit that, on or about May 17, 1997, plaintiff received a Certified Provisional Teaching ("CPT") certificate from the BOE, admit further that, in addition to the Education Law and SED regulations, the terms and conditions of CPTs are regulated by: (a) Article V of the collective bargaining agreement between plaintiff's union, the United Federation of Teachers ("UFT"), and the BOE and; (b) Chancellor's Regulation C-200. See Def. 56.1 Stat., ¶¶ "62," – "64,"; see also CPT certificate, dated May 17, 1997, Bates Stamp No. 1157, Ex. "EE,"; see also CBA, Article 5 (C),(1), Ex. "O,"; Chancellor's Reg. C-200(26),(b), Ex. "H."

45. Deny the materiality of the factual assertions set forth in paragraph "45," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

46. Deny the materiality of the factual assertions set forth in paragraph "46," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

47.     Deny the materiality of the factual assertions set forth in paragraph "47," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

48.     Deny the factual assertions set forth in paragraph "48," of Plaintiff's 56.1 Statement, except admit that in the summer of 1997, plaintiff was notified by the BOE Division of Human Resources to report to a placement center scheduled for July 23, 1997, where he was subsequently referred to a hiring hall held by the Manhattan High Schools, District 71, scheduled for August 28, 1997. See Def. 56.1 Stat., ¶¶ "66," – "75,"; see also Sample BOE Division of Human Resources Form Letter, dated May 7, 1997, and Schedule of Placement Centers for July, 1997, Ex. "GG."; Letter from the Manhattan High School Superintendency, District 71, to plaintiff, dated July 23, 1997, Ex. "HH."; Pl. 2009 Dep., Ex. "G," at 38:7-42:20; 44-50.

49.     Deny the materiality of the factual assertions set forth in paragraph "49," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

50.     Deny the factual assertions and the factual assertions set forth in paragraph "50," of Plaintiff's 56.1 Statement, and affirmatively state that the "Generated Personnel Transaction Form" cited by plaintiff does not support plaintiff's assertions, state further that at the July 23, 1997, placement center, plaintiff received a "Staffing Services Personnel Transaction Form" which referred him for an interview for a teaching position in Junior High School District 3. See Def. 56.1 Stat., ¶¶ "71," – "81,"; see also Pl. 2009 Dep., Ex. "G," at 45:15-51:9;

personnel transaction form, signed by the plaintiff on July 23, 1997, Bates Stamp 000860R, Ex. "II."

51.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "51," of Plaintiff's 56.1 Statement, and affirmatively state that, at all relevant times, there were at least three versions of a Personnel Transaction Form that existed in July, 1997, and that each of the three had different uses.  At the July 23, 1997 placement center, all teachers were issued a "Generated Personnel Transaction Form" which was a computer generated form that itemized the teacher's credentials.  The teacher was also issued a "Staffing Services Personnel Transaction Form" which was a handwritten form filled out by the BOE Office of Staffing Services that referred teachers to specific schools that were believed to have vacancies for appointed or substitute teaching positions.  To the extent a vacancy existed, and after being hired by particular school, the teacher received a "Finalized Personnel Transaction Form," which was a computer generated form, signed by the teacher and principal, that listed the teacher's credentials as well as his final school assignment including, in general, whether the teaching position was an appointed (that is tenure track) position or a substitute teaching position.  See Deposition of the Victoria Campbell, dated November 17, 2009, ("Campbell Dep.") which is annexed to the Declaration of Larry R. Martinez in Opposition to Plaintiff's Partial Motion for Summary Judgment, dated February 19, 2010, ("Martinez 2/19/10 Decl."), as Ex.  "A," at 16:16-22 ;23; 29; see also Deposition of William Nelson, dated December 11, 2009, ("Nelson Dep.") which is annexed to the Martinez 2/19/10 Decl., as Ex. "B," at 21:6-23:9; "Staffing Services Personnel Transaction Form," signed by the plaintiff on July 23, 1997, Bates Stamp 000860R, Ex. "II.,"; "Staffing Services Personnel Transaction Form," signed by the plaintiff on September 10, 1997, Ex. "NN,"; "Staffing Services Personnel Transaction Form,"

signed by the plaintiff on January 30, 1998, bates stamp number 000358, Ex. "RR,"; "Finalized Personnel Transaction Form," signed by the plaintiff and Principal Joanne Frank, dated February 10, 1998, bates stamp number 00359,  Ex. "RR."

      52.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "52," of Plaintiff's 56.1 Statement, and affirmatively state that plaintiff's previous service did not give him priority for being sent out for an appointed position.  <u>See</u> Nelson Dep., Martinez 2/19/10 Decl., Ex. "B," at 28:7-30:10.

      53.    Deny the materiality and the factual assertions set forth in paragraph "53," of Plaintiff's 56.1 Statement, except admit that plaintiff testified that he requested to be released from GCAHS and that on or about August 25, 1997, Principal Turetsky issued letter from the principal to plaintiff releasing him from his regular substitute teaching assignment at GCAHS. <u>See</u> Def. 56.1 Stat., ¶¶ "77," – "83,"; <u>see</u> <u>also</u> Pl 2009 Dep., Ex. "G," at 49-56. <u>see</u> <u>also</u> Letter from Principal Turetsky, dated August 25, 1997, Ex. "JJ,"; Turetsky Dep., Ex. "W," at 59:15-61:5; 72; Letter from Plaintiff, dated September 3, 1997, Ex. "KK."

      54.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "54," of Plaintiff's 56.1 Statement, and affirmatively state that the deposition testimony cited by plaintiff does not support plaintiff's assertions, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. [5]

      55.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "55," of Plaintiff's 56.1 Statement, and affirmatively state that teachers can invoke the grievance and arbitration procedures set forth in the collective bargaining agreement

---

[5] <u>See</u> *Supra* note 3.

applicable to BOE teachers where the teacher believes he has been inappropriately "direct[ed] not to take [an] appointed position." See CBA Art., 22, Ex. "KK."

56.    Deny the materiality of the factual assertions set forth in paragraph "56," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

57.    Deny the materiality of the factual assertions set forth in paragraph "57," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

58.    Deny the factual assertions set forth in paragraph "58," of Plaintiff's 56.1 Statement, except admit that Plaintiff was referred to a hiring hall held by the Manhattan High Schools, District 71, scheduled for August 28, 1997, that there was no vacancy in an appointed, as opposed to non-tenured track substitute teaching position, and that plaintiff was informed that there was no vacancy in an appointed teaching position; and affirmatively state that plaintiff's assertion that "Maria Emanuelson…then the Head of Personnel in the Superintendent's Office (and now deceased) stated in front of other people 'that there was no vacancy for [him] even though [he held] a MNYS and City license" is unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d);  See Def. 56.1 Stat., ¶ "71," – "75,"' see also Hiring Hall Invitation Letter, Ex. "HH,"; Pl. 2009 Dep., Ex. "G," at 38:7-42:20; 44-50.

59.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "59," of Plaintiff's 56.1 Statement, except admit that on or about August 25,

1997, Principal Turetsky issued a letter releasing him from his regular substitute teaching assignment at GCAHS and placing plaintiff in the school's absent teacher reserve."   See Def. 56.1 Stat., ¶ "82,"; Letter from Principal Turetsky, dated August 25, 1997, Ex. "JJ,"; see also Turetsky Dep., Ex. "W," at 59:15-61:5; 72; See letter from Plaintiff, dated September 3, 1997, Ex. "KK."

60.   Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "60," of Plaintiff's 56.1 Statement, except admit that on or about September 5, 1997, plaintiff was referred to SPHS for a CPT, regular substitute teaching position, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

61.   Deny the materiality of the factual assertions set forth in paragraph "61," of Plaintiff's 56.1 Statement, except admit that Personnel Transaction Form contained a notation indicating that the position at Seward Park had been withdrawn, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

62.   Deny the factual assertion and the materiality of the factual assertions set forth in paragraph "62," of Plaintiff's 56.1 Statement, except affirmatively state that in September, 1997 there was a vacancy for a regular substitute teaching position as an non-tenured track CPT position at Seward Park High School.  See Def. 56.1 Stat., ¶¶ "85," – "89,"; see also Stoopack Dep., Ex. "PP," at 8:1-8:17; 30:1-30:21; 33:1-33:13; 58:10-58:16. 71:11-71:19; 25:13-27:7; personnel transaction form, signed by the plaintiff on September 10, 1997,  Ex. "NN."

63.   Deny the materiality of the factual assertions set forth in paragraph "63," of Plaintiff's 56.1 Statement, except admit that plaintiff initially refused the regular substitute position at Seward Park HS and affirmatively state that plaintiff sought employment at George

Washington High School ("GWHS") and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

64.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "64," of Plaintiff's 56.1 Statement, and affirmatively state that plaintiff initially refused the position at Seward Park HS and sought employment at George Washington High School ("GWHS") apparently believing that the school had a vacancy for a full time appointed High School teacher of bi-lingual social studies.  See Def. 56.1 Stat., ¶¶ "85," – "86,"; see also (a) letter from Superintendent Ward to plaintiff, dated September 5, 1997, Bates Stamp No. 000277; (b) letter from Seward Park High School Principal Jerrold Stoopack to plaintiff, dated September 10, 1997, Bates Stamp No. 000279; and (c) letter from plaintiff to the UFT, dated September 7, 1997, Bates Stamp No. 5050; ("Seward Park Assignment Documents"), Ex. "LL."

65.     Deny the factual assertions and t he materiality of the factual assertions set forth in paragraph "65," of Plaintiff's 56.1 Statement, except admit that the plaintiff wrote to his union on or about September 7, 1997, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

66.     Deny the factual assertions set forth in paragraph "66," of Plaintiff's 56.1 Statement, and affirmatively state that plaintiff admitted that he was advised by his union to report to Seward Park HS and take the substitute assignment, that plaintiff never filed a grievance regarding the alleged threats or forced placement at Seward Park High School and that he did not serve as an appointed teacher at Seward Park HS in September, 1997, and respectfully refer the Court to the letter from Superintendant Ward to plaintiff, dated September 5, 1997 for a complete and accurate statement of its contents.  See Def. 56.1 Stat., ¶¶ "88," – "89,"; see also

(a) letter from Superintendent Ward to plaintiff, dated September 5, 1997, Bates Stamp No. 000277; (b) letter from Seward Park High School Principal Jerrold Stoopack to plaintiff, dated September 10, 1997, Bates Stamp No. 000279; and (c) letter from plaintiff to the UFT, dated September 7, 1997, Bates Stamp No. 5050; ("Seward Park Assignment Documents"), Ex. "LL,"; CBA, Article 22, Ex. "T."

67.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "67," of Plaintiff's 56.1 Statement, except admit that, on or about September 10, 1997, plaintiff reported to George Washington High School and was offered a teaching assignment as a per-diem, non-tenured track, substitute teacher. See Def. 56.1 Stat., ¶¶ "88," – "89,"Def. 56.1 Stat., see also GWHS "Procedures for Per Diem Substitutes," dated September 10, 1997, Bates Stamp Nos. 000294-000295, Ex. "MM."

68.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "68," of Plaintiff's 56.1 Statement, except admit that, on or about September 10, 1997, plaintiff was offered a per diem substitute teaching assignment at George Washington High School.  See GWHS "Procedures for Per Diem Substitutes," dated September 10, 1997, Bates Stamp Nos. 000294-000295, Ex. "MM."; see also (a) letter from Superintendent Ward to plaintiff, dated September 5, 1997, Bates Stamp No. 000277; (b) letter from Seward Park High School Principal Jerrold Stoopack to plaintiff, dated September 10, 1997, Bates Stamp No. 000279; and (c) letter from plaintiff to the UFT, dated September 7, 1997, Bates Stamp No. 5050; ("Seward Park Assignment Documents"), Ex. "LL,"; CBA, Article 22, Ex. T.

69.     Deny the materiality of the factual assertions set forth in paragraph "69," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those

assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

70.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "70," of Plaintiff's 56.1 Statement, except admit that William Nelson testified that in specific situations, such as the arrest of a teacher, the BOE Office of Staffing Services would deny an appointment to a licensed teacher, and respectfully refer the Court to the deposition testimony cited therein for a complete and accurate statement of its contents.

71.     Deny the materiality of the factual assertions set forth in paragraph "71," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

72.     Deny the factual assertions and materiality of the factual assertions set forth in paragraph "72," of Plaintiffs' 56.1 Statement, and note that the cited exhibits do not support the factual assertions made in this paragraph and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents. [6]

73.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "73," of Plaintiff's 56.1 Statement, and affirmatively state that, on or about September 7, 1997, plaintiff wrote to his union indicating that he understood that he was taking a teaching position as an un-appointed Certified Provisional Teacher, a CPT, at Seward Park High School.  See Def. 56.1 Stat., ¶¶ "81," – "94,"; see also letter from the plaintiff to his union, dated September 7, 1997, Ex. "NN."

---

[6] See supra note 3.

74.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "74," of Plaintiff's 56.1 Statement, except affirmatively state that on or about September 7, 1997, plaintiff wrote to his union indicating that he understood that he was taking a teaching position as an un-appointed Certified Provisional Teacher, a CPT, at Seward Park High School.  See Def. 56.1 Stat., ¶¶ "81," – "94,"; see also letter from the plaintiff to his union, dated September 7, 1997, Ex. "NN."

75.     Paragraph "75," of Plaintiff's 56.1 Statement asserts a legal conclusion for which no response is required.  To the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions set forth in paragraph "75," of Plaintiff's 56.1 Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [DOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "his probationary period expired on February 2, 1999," that defendants have moved to amend their answer, that this motion was granted, and that defendants have amended their answer, and that defendants answered the first amended complaint and the answer to the amended complaint completely supplants the answer to the original complaint.  Thus, the alleged admission is no more.   See Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; see also Answer to amended Complaint, dated June 19, 2009, Martinez 2/19/10 Decl., Ex. "D,"; and Amended Answer to Amended Complaint, dated November 15, 2009, Ex. "B."

76.     Deny the materiality of the factual assertions set forth in paragraph "76," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

77.     Deny the materiality of the factual assertions set forth in paragraph "77," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

78.     Deny the materiality of the factual assertions set forth in paragraph "78," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

79.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "79," of Plaintiff's 56.1 Statement, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

80.     Deny the materiality of the factual assertions set forth in paragraph "80," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

81.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "81," of Plaintiff's 56.1 Statement, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

82.     Deny the materiality of the factual assertions set forth in paragraph "82," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

83.     Deny the materiality of the factual assertions set forth in paragraph "83," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

84.     Deny the materiality of the factual assertions set forth in paragraph "84," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

85.     Admit the factual assertions set forth in paragraph "85," of Plaintiff's 56.1 Statement, and affirmatively state that, on or about February 2, 1998, plaintiff was appointed for the first and only time, to a probationary teaching position at Norman Thomas High School. See Kicinksi Decl., Ex. "E," ¶ 6; see also HRS List Report, Ex. "C,"; see also (a) PTF, signed by plaintiff on January 30, 1998, Bates Stamp No. 000358; (b) "Finalized" PTF, printed February 10, 1998, Bates Stamp No. 000350; (c) BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Bates Stamp No. 0262; (d) Letter from Marilyn Scher to Vicente Blum, dated June 5, 1998, Bates Stamp No. RB2427 ("Appointment Documents"),  as Ex. "RR."

86.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "86," of Plaintiff's 56.1 Statement, and affirmatively state that Principal Frank's cited deposition testimony does not support the allegations set forth therein, admit that on or about February 3, 1998, Principal Frank made the cited notation on the personnel transaction form and that no vacancy existed because the teacher occupying the line in which plaintiff had been serving was to return in September, 1998 and re-occupy that line, and

respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. See Def. 56.1 Stat., ¶¶ "105," – "110."

87.    Deny the factual assertions set forth in paragraph "87," of Plaintiff's 56.1 Statement, except admit that on or about February 3, 1998, the cited notation was made by Kenny Mourdant, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

88.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "88," of Plaintiff's 56.1 Statement, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

89.    Deny the materiality of the factual assertions set forth in paragraph "89," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

90.    Admit the factual assertions set forth in paragraph "90," of Plaintiff's 56.1 Statement and deny the materiality of those allegations and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

91.    Deny the materiality of the factual assertions set forth in paragraph "91," of Plaintiff's 56.1 Statement, except admit that on a formal evaluation for the Spring 1998 term plaintiff received an overall rating of satisfactory and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

92.    Deny the materiality of the factual assertions set forth in paragraph "92," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those

assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

93.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "93," of Plaintiff's 56.1 Statement, except admit that for the formal evaluation for the Spring term 1998 plaintiff received an overall rating of satisfactory, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of its contents. See Def. 56.1 Stat., ¶¶ "123," – "126."

94.    Deny the materiality of the factual assertions set forth in paragraph "94," of Plaintiff's 56.1 Statement, except admit that in Manhattan High Schools in 1998, teachers received a formal evaluation in June, 1998, and that the only two ratings were "Satsifactor" or "Unsatisfactory," and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

95.    Deny the materiality of the factual assertions set forth in paragraph "95," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

96.    Deny the materiality of the factual assertions set forth in paragraph "96," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

97.    Deny the materiality of the factual assertions set forth in paragraph "97," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those

assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

98.     Deny the materiality of the factual assertions set forth in paragraph "98," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

99.     Deny the materiality of the factual assertions set forth in paragraph "99," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

100.     Deny the materiality of the factual assertions set forth in paragraph "100," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

101.     Deny the materiality of the factual assertions set forth in paragraph "101," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

102.     Admit the factual assertions set forth in paragraph "102," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

103.     Deny the materiality of the factual assertions set forth in paragraph "103," of Plaintiff's 56.1 Statement, except admit that in the High School Division, the Superintendant

was not required to approve teacher's satisfactory annual performance evaluations and affirmatively state that the deposition testimony cited by plaintiff does not support plaintiff's assertions.  See Deposition of former Director of BOE Office of Appeals and Reviews and author of BOE personnel manuals "Rating Pedagogical Staff Members" and "The Appeals Process," dated November 18, 2009, which is annexed to Martinez 2/19/10 Decl., as Ex. "C," at 91:6-91:25; 99:1-104:25; Rating Pedagogical Staff Members, Ex. "X," at 2359, 2368; Annual Performance Review and Report, "Rules and Instructions," dated June 26, 1998, Ex. "TT," at Bates Stamp No. 1007.

104.    Deny the materiality of the factual assertions set forth in paragraph "104," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

105.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "105," of Plaintiff's 56.1 Statement, except affirmatively state that the deposition testimony cited by plaintiff does not support plaintiff's assertions, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

106.    Deny the materiality of the factual assertions set forth in paragraph "106," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

107.    Deny the materiality of the factual assertions set forth in paragraph "107," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those

assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

108.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "108," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

109.    Deny the materiality of the factual assertions set forth in paragraph "109," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

110.    Deny the materiality of the factual assertions set forth in paragraph "110," of Plaintiff's 56.1 Statement, except affirmatively state that in the High School Division, the Superintendant was not required to approve all satisfactory annual performance evaluations.  See Deposition of former Director of BOE Office of Appeals and Reviews and author of BOE personnel manuals "Rating Pedagogical Staff Members" and "The Appeals Process," dated November 18, 2009, which is annexed to Martinez 2/19/10 Decl., as Ex. "C," at 91:6-91:25; 99:1-:104:25; Rating Pedagogical Staff Members, Ex. "X," at 2359, 2368; Annual Performance Review and Report, "Rules and Instructions," dated June 26, 1998, Ex. "TT," at Bates Stamp No. 1007.

111.    Deny the materiality of the factual assertions in paragraph "111," of Plaintiff's 56.1 Statement, except admit that Frank recommended that plaintiff continue on probation which was set to expire on February 2, 1999, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

112.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "112," of Plaintiff's 56.1 Statement, and affirmatively state that, on or about June 26, 1998, pursuant to BOE regulations, Principal Frank recommended that plaintiff continue his one-year probationary period at NTHS, which began on February 2, 1998, and forwarded a copy of the evaluation to the Superintendent's Office for his files, state further that plaintiff's one year probationary period, was not extended as defendants have consistently maintained that plaintiff's probationary period would end on February 2, 1999.  See Def. 56.1 Stat., ¶¶ "124," – "125,"; see also Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34; BOE report titled "Pedagogues Who Are Currently on Probation [in] Manhattan High Schools" indicating plaintiff's formal appointment date as February 2, 1998. Bates Stamp No. 0262, Ex. "RR,"'; Evaluation, dated June 26, 1998, Bates Stamp Nos. 1006-1007, Ex. "TT"; Kicinski Decl., Ex. "E," ¶ 6; HRS List Report, Ex. "C,"; (5) Personnel Transaction Form, signed by the plaintiff on January 30, 1998 indicating his formal appointment date as February 2, 1998.

113.    Paragraph "113," of Plaintiff's 56.1 Statement states a legal conclusion for which no response is required.  To the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

114.    Deny the materiality of the factual assertions in paragraph "114," of Plaintiff's 56.1 Statement, except admit that in June, 1998, plaintiff received a formal evaluation for the 1997-1998 school year, which gave plaintiff an overall Satisfactory rating, and affirmatively state that in the High School Division, the Superintendant was not required to approve all satisfactory annual performance evaluations.  See Deposition of former Director of BOE Office of Appeals and Reviews and author of BOE personnel manuals "Rating Pedagogical

Staff Members" and "The Appeals Process," dated November 18, 2009, which is annexed to Martinez 2/19/10 Decl., as Ex. "C," at 91:6-91:25; 99:1-:104:25; Rating Pedagogical Staff Members, Ex. "X," at 2359, 2368; Annual Performance Review and Report, "Rules and Instructions," dated June 26, 1998, Ex. "TT," at Bates Stamp No. 1007.

115.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "115," of Plaintiff's 56.1 Statement, and affirmatively state that, on or about June 26, 1998, pursuant to BOE regulations, Principal Frank recommended that plaintiff continue his probationary period at NTHS, which began on February 2, 1998, and was to last one year, and forwarded a copy of the formal evaluation to the Superintendent's Office for his files, that plaintiff's one-year probationary period was not extended as defendants have consistently maintained that plaintiff's probationary period would end on February 2, 1999.  See Def. 56.1 Stat., ¶¶ "124," – "126,"; see also Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34; BOE report titled "Pedagogues Who Are Currently on Probation [in] Manhattan High Schools" indicating plaintiff's formal appointment date as February 2, 1998. Bates Stamp No. 0262, Ex. "RR,"'; Evaluation, dated June 26, 1998, Bates Stamp Nos. 1006-1007, Ex. "TT"; Kicinski Decl., Ex. "E," ¶ 6; HRS List Report, Ex. "C,"; (5) Personnel Transaction Form, signed by the plaintiff on January 30, 1998 indicating his formal appointment date as February 2, 1998.

116.    Deny the materiality of the factual assertions set forth in paragraph "116," of Plaintiff's 56.1 Statement, and affirmatively state that, on or about June 26, 1998, pursuant to BOE regulations, Principal Frank recommended that plaintiff continue his probationary period at NTHS, which began on February 2, 1998, and was to continue for one year, and forwarded a copy of the evaluation to the Superintendent's Office for his files, state further that plaintiff's one year probationary period, was not extended as defendants have consistently maintained that

plaintiff's probationary period would end on February 2, 1999. See Def. 56.1 Stat., ¶¶ "124," –
"126,"; see also Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34; BOE report titled
"Pedagogues Who Are Currently on Probation [in] Manhattan High Schools" indicating
plaintiff's formal appointment date as February 2, 1998. Bates Stamp No. 0262, Ex. "RR,";
Evaluation, dated June 26, 1998, Bates Stamp Nos. 1006-1007, Ex. "TT"; Kicinski Decl., Ex.
"E," ¶ 6; HRS List Report, Ex. "C,"; (5) Personnel Transaction Form, signed by the plaintiff on
January 30, 1998 indicating his formal appointment date as February 2, 1998.

117.    Deny the factual assertions and the materiality of the factual assertions set
forth in paragraph "117," of Plaintiff's 56.1 Statement, except affirmatively state that in the High
School Division, the Superintendant was not required to approve all satisfactory annual
performance evaluations.  See Deposition of former Director of BOE Office of Appeals and
Reviews and author of BOE personnel manuals "Rating Pedagogical Staff Members" and "The
Appeals Process," Robert Reich, dated November 18, 2009, which is annexed to Martinez
2/19/10 Decl., as Ex. "C," at 91:6-91:25; 99:1-:104:25; Rating Pedagogical Staff Members, Ex.
"X," at 2359, 2368; Annual Performance Review and Report, "Rules and Instructions," dated
June 26, 1998, Ex. "TT," at Bates Stamp No. 1007.

118.    Deny the factual assertions and the materiality of the factual assertions  set
forth in paragraph "118," of Plaintiff's 56.1 Statement, and affirmatively state that, on or about
June 26, 1998, pursuant to BOE regulations, Principal Frank recommended that plaintiff
continue his one year probationary period at NTHS, which began on February 2, 1998, and
forwarded a copy of the evaluation to the Superintendent's Office for his files, and that plaintiff's
one year probationary period, was not extended as defendants have consistently maintained that
plaintiff's probationary period would end on February 2, 1999. See Def. 56.1 Stat., ¶¶ "124," –

"126,"; see also Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34; BOE report titled "Pedagogues Who Are Currently on Probation [in] Manhattan High Schools" indicating plaintiff's formal appointment date as February 2, 1998. Bates Stamp No. 0262, Ex. "RR,"; Evaluation, dated June 26, 1998, Bates Stamp Nos. 1006-1007, Ex. "TT"; Kicinski Decl., Ex. "E," ¶ 6; HRS List Report, Ex. "C,"; (5) Personnel Transaction Form, signed by the plaintiff on January 30, 1998 indicating his formal appointment date as February 2, 1998.

119.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "119," of Plaintiff's 56.1 Statement, and affirmatively state that, regardless of the rating on the formal evaluation a copy is generally given to the teacher, and that on or about June 26, 1998, NTHS's payroll secretary attempted to give plaintiff the evaluation report, which plaintiff refused to accept.  See Evaluation, dated June 26, 1998, Bates Stamp Nos. 1006-1007, Ex. "TT."  Pursuant to BOE regulations, the Principal signed the form indicating his refusal to accept the form and placed it in plaintiff's personnel file.  See Rating Pedagogical Staff Members, Ex. "Y," at RB2359; Rating Pedagogical Staff Members, Ex. "FF," at 2366 (§ 2,C).

120.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "120," of Plaintiff's 56.1 statement, and affirmatively state that on or about June 26, 1998, NTHS's payroll secretary attempted to give plaintiff the evaluation report, which he refused to accept.  Pursuant to BOE regulations, Principal Frank signed the form indicating plaintiff's refusal to accept the form and placed it in plaintiff's personnel file.  See Def. 56.1 Stat., ¶¶ "124," – "126,"; see also Evaluation, dated June 26, 1998, Bates Stamp Nos. 1006-1007, Ex. "TT"; Rating Pedagogical Staff Members, Ex. "Y," at RB2359; Rating Pedagogical Staff Members, Ex. "FF," at 2366 (§ 2,C).

121.     Deny the factual assertions in paragraph "121," of Plaintiff's 56.1 Statement, and affirmatively state that, on or about June 26, 1998, pursuant to BOE regulations, Principal Frank recommended that plaintiff continue his one year probationary period at NTHS and forwarded a copy of the June, 1998, evaluation to the Superintendent's Office for his files, state further that plaintiff's one year probationary period, which began on February 2, 1998, was not extended as defendants have consistently maintained that plaintiff's probationary period would end on February 2, 1999. See Def. 56.1 Stat., ¶¶ "124," – "126,"; see also Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34; BOE report titled "Pedagogues Who Are Currently on Probation [in] Manhattan High Schools" indicating plaintiff's formal appointment date as February 2, 1998. Bates Stamp No. 0262, Ex. "RR,"'; Evaluation, dated June 26, 1998, Bates Stamp Nos. 1006-1007, Ex. "TT"; Kicinski Decl., Ex. "E," ¶ 6; HRS List Report, Ex. "C,"; (5) Personnel Transaction Form, signed by the plaintiff on January 30, 1998 indicating his formal appointment date as February 2, 1998.

122.     Deny the materiality of the factual assertions set forth in paragraph "122," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

123.     Paragraph "123," asserts a legal conclusion for which no response is required. To the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions set forth in paragraph "123," of Plaintiff's 56.1 Statement.

124.     Paragraph "124," asserts a legal conclusion for which no response is required. To the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions set forth in paragraph "123," of Plaintiff's 56.1 Statement.

125.    Deny the factual assertions set forth in paragraph "125," of Plaintiff's 56.1 Statement, and affirmatively state that plaintiff's assertion that "in June 1998, his probationary period was complete and he obtained tenure by estoppel when he returned to NTHS in the fall of 1998," is unsupported by citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d); state further that plaintiff did not achieve tenure by estoppel in the Fall of 1998, state further that, on February 2, 1998, plaintiff was appointed for the first and only time to a probationary teaching position, and that this position was at Norman Thomas High School and would have earned tenure, by estoppel or otherwise, had he completed the one year probationary period on February 2, 1999, and that plaintiff was informed on January 15, 12998, that he would not be granted tenure and that his employment was terminated on February 1, 1999, before the completion of the probationary period.  See Kicinksi Decl., Ex. "E," ¶ 6; see also HRS List Report, Ex. "C,"; see also (a) PTF, signed by plaintiff on January 30, 1998, Bates Stamp No. 000358; (b) "Finalized" PTF, printed February 10, 1998, Bates Stamp No. 000350; (c) BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Bates Stamp No. 0262; Ex. "RR."; Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34.

126.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "126," of Plaintiff's 56.1 Statement, and affirmatively state that pursuant to section 2509(2) of the New York Education law, "at the expiration of the probationary term….the superintendant of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory," and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

127.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "127," of Plaintiff's 56.1 Statement, and respectfully refer the Court to section 2509 (1)(a) of the New York State Education law for an complete and accurate statement of the "60 day notice" requirement cited therein.

128.    Deny the materiality of the factual assertions set forth in paragraph "128," of Plaintiff's 56.1 Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [DOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "his probationary period expired on February 2, 1999," and that defendants have moved to amend their answer, that this motion was granted, and that defendants have amended their answer, and that defendants answered the first amended complaint and the answer to the amended complaint supplants and replaces the answer to the original complaint.  Thus, the alleged admission is no more.  See Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; Answer to Amended Complaint, dated June 19, 2009, Martinez 2/19/10 Decl. Ex. "D,"; and Amended Answer to Amended Complaint, dated November 15, 2009, Ex. "B."

129.    Paragraph "129," of Plaintiff's 56.1 Statement asserts a legal conclusion for which no response is required.  To the extent a response is required, defendants deny the materiality of the factual assertions set forth in paragraph "129," of Plaintiff's 56.1 Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [DOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "his probationary period expired on February 2, 1999." admit further that defendants answered the first amended complaint and the answer to the amended complaint completely supplants the answer to the original complaint.  Thus, the alleged

admission is no more. <u>See</u> Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; Answer to

Amended Complaint, dated June 19, 2009, Martinez 2/19/10 Decl. Ex. "D,"; and Amended

Answer to Amended Complaint, dated November 15, 2009, Ex. "B."

  130. Admit the factual assertions set forth in paragraph "130," of Plaintiff's

56.1 Statement, and affirmatively state that plaintiff was employed by the BOE as a probationary

teacher of bi-lingual social studies from February 2, 1998 until his termination on February 1,

1999. <u>See</u> Def. 56.1 Stat., ¶ "1," <u>see</u> <u>also</u> Kicinksi Decl., Ex. "E," ¶ 6; HRS List Report, Ex.

"C,"; <u>see</u> <u>also</u> (a) PTF, signed by plaintiff on January 30, 1998, Bates Stamp No. 000358; (b)

"Finalized" PTF, printed February 10, 1998, Bates Stamp No. 000350; (c) BOE Report

"Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Bates Stamp

No. 0262; Ex. "RR."; Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34; Frank 2009 Dep.,

Ex. "Z," at 28:1-30:16; 34:7-34:34.

  131. Deny the materiality of the factual assertions in paragraph "131," of

Plaintiff's 56.1 Statement, and admit that plaintiff's teaching was observed in the Fall, 1998,

term and found to be unsatisfactory. <u>See</u> Def. 56.1 Stat., ¶¶ "117," – "123,"; "128," – "147,"; <u>see</u>

<u>also</u> (a) Observation Report, for observation conducted on March 2, 1998; (b) Observation

Report, for observation conducted on April 27, 1998; (c) Observation Report, for observation

conducted on October 8, 1998, Bates Stamp No. 1107-1108; (d) Observation Report, for

observation conducted on October 20, 1998, Bates Stamp No. 1109-1111; (e) Observation

Report, for observation conducted on November 16, 1998, Bates Stamp Nos. 1112-1113; (f)

Observation Report, for observation conducted on December 11, 1998, Bates Stamp Nos. 1114-

1116; and (g) Observation Report, for observation conducted by Superintendent Designee, James

Costaras, on December 17, 1998, Bates Stamp No. 1070-1076, ("NTHS Observation Reports"), all  as Ex. "SS."

132.    Deny the factual assertions and the materiality of those assertions set forth in paragraph "132," of Plaintiff's 56.1 Statement, and affirmatively state that plaintiff was never a tenured teacher and that the exhibit cited by plaintiff titled "Instructional Policies," does not support plaintiff's factual assertions as that handbook is dated "August 2002," more than three years <u>after</u> plaintiff was terminated from the BOE, and respectfully refer the Court to the handbooks titled "Rating Pedagogical Staff Members" and "The Appeals Process," in place throughout the relevant periods herein, for a complete and accurate statement of BOE policies and procedures. <u>See</u> <u>generally</u> Handbooks, Ex. "Y.

133.    Deny the materiality of the factual assertions set forth in paragraph "133," of Plaintiff's 56.1 Statement, but for purposes this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. <u>See</u> Def. 56.1 Stat., ¶¶ "128," – "132,"; <u>see also</u> Observation Report, for observation conducted on October 8, 1998, Bates Stamp No. 1107-1108; Ex. "SS."

134.    Deny the materiality of the factual assertions set forth in paragraph "134," of Plaintiff's 56.1 Statement, but for purposes this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. <u>See</u> Def. 56.1 Stat., ¶¶ "128," – "132,"; <u>see also</u> Observation Report, for observation conducted on October 8, 1998, Bates Stamp No. 1107-1108; Ex. "SS."

135.    Deny the materiality of the factual assertions set forth in paragraph "135," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. See Def. 56.1 Stat., ¶¶ "133," – "136,"; see also Observation Report, for observation conducted on October 20, 1998, Bates Stamp No. 1109-1111, Ex. "SS."

136.    Deny the materiality of the factual assertions set forth in paragraph "136," of Plaintiff's 56.1 Statement, except affirmatively state that the cited exhibits do not support the factual assertion that the report was issued on December 8, 1998, state further that the report was issued on November 24, 1998. See Def. 56.1 Stat., ¶¶ "137," – "140,"; see also Observation Report, for observation conducted on November 16, 1998, Bates Stamp Nos. 1112-1113, Ex. "SS."

137.    Deny the materiality of the factual assertions set forth in paragraph "137," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. See Def. 56.1 Stat., ¶¶ "141," – "143,"; see also Observation Report, for observation conducted on December 11, 1998, Bates Stamp Nos. 1114-1116, Ex. "SS."

138.    Deny the materiality of the factual assertions set forth in paragraph "138," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. See Def. 56.1 Stat., ¶¶ "141," – "143,"; see

<u>also</u> Observation Report, for observation conducted on December 11, 1998, Bates Stamp Nos. 1114-1116, Ex. "SS."

139.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "139," of Plaintiff's 56.1 Statement, except admit that plaintiff occasionally objected to parts of the observations conducted by his supervisors and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. <u>See</u> (a) Observation Report, for observation conducted on March 2, 1998; (b) Observation Report, for observation conducted on April 27, 1998; (c) Observation Report, for observation conducted on October 8, 1998, Bates Stamp No. 1107-1108; (d) Observation Report, for observation conducted on October 20, 1998, Bates Stamp No. 1109-1111; (e) Observation Report, for observation conducted on November 16, 1998, Bates Stamp Nos. 1112-1113; (f) Observation Report, for observation conducted on December 11, 1998, Bates Stamp Nos. 1114-1116; and (g) Observation Report, for observation conducted by Superintendent Designee, James Costaras, on December 17, 1998, Bates Stamp No. 1070-1076, ("NTHS Observation Reports"), all  as Ex. "SS."

140.     Deny the materiality of the factual assertions set forth in paragraph "140," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. <u>See</u> Def. 56.1 Stat., ¶¶ "144," – "147,"; <u>see</u> <u>also</u> Observation Report, for observation conducted by Superintendent Designee, James Costaras, on December 17, 1998, Bates Stamp No. 1070-1076, Ex. "SS."

141.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "141," of Plaintiff's 56.1 Statement, except admit that plaintiff disagreed with

his supervisors rating of his teaching and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents. See Def. 56.1 Stat., ¶¶ "144," – "147,"; see also Observation Report, for observation conducted by Superintendent Designee, James Costaras, on December 17, 1998, Bates Stamp No. 1070-1076, Ex. "SS."

142.    Paragraph "142," of Plaintiff's 56.1 Statement sets forth a legal conclusion for which no response is required.  To the extent a response is required, defendants deny the factual assertions and materiality of the factual assertions of this paragraph but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

143.    Deny the materiality of the factual assertions set forth in paragraph "143," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents, and affirmatively state that BOE High Schools were part of the "City School District," which operated under the direct jurisdiction of the Chancellor rather than a local Community School District, accordingly the Chancellor was empowered to notify all teachers concerning the denial of certification of probation. See Def. 56.1 Stat., ¶ "11."

144.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "144," of Plaintiff's 56.1 Statement, and respectfully refer the Court to the handbooks titled "Rating Pedagogical Staff Members" and "The Appeals Process," in place throughout the relevant periods herein, for a complete and accurate statement of BOE policies and procedures. See generally Handbooks, Ex. "Y."

145.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "145," of Plaintiff's 56.1 Statement, and respectfully refer the Court to the handbooks titled "Rating Pedagogical Staff Members" and "The Appeals Process," in place throughout the relevant periods herein, for a complete and accurate statement of BOE policies and procedures. See generally Handbooks, Ex. "Y."

146.    Deny the materiality of the factual assertions set forth in paragraph "146," of Plaintiff's 56.1 Statement, and respectfully refer the Court to the handbooks titled "Rating Pedagogical Staff Members" and "The Appeals Process," in place throughout the relevant periods herein, for a complete and accurate statement of BOE policies and procedures. See generally Handbooks, Ex. "Y."

147.    Deny the materiality of the factual assertions set forth in paragraph "147," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

148.    Deny the materiality of the factual assertions set forth in paragraph "148," of Plaintiff's 56.1 Statement, except admit that in cases where it appeared that an employee's probationary services may have to be discontinued, OAR had the ability to convene a Technical Assistance Conference ("TAC") to review whether sufficient documentary evidence supported a discontinuance of the teacher's probationary service. See BOE Handbook "The Appeal Process," Bates Stamp Nos. RB2410, Ex. "Y."

149.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "149," of Plaintiff's 56.1 Statement, and affirmatively state that the cited

exhibit does not support plaintiff's factual assertions and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

150.    Admit the factual assertions set forth in paragraph "150," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

151.    Deny the materiality of the factual assertions set forth in paragraph "151," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

152.    Admit the factual assertions set forth in paragraph "152," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

153.    Admit the factual assertions set forth in paragraph "153," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

154.    Deny  the factual assertions and materiality of those factual assertions set forth in paragraph "154," of Plaintiff's 56.1 Statement except admit that if there has been a recommendation to terminate a probationary teacher then the teacher is generally not permitted to work in that license area after the end of the probationary period and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

155.    Admit the factual assertions set forth in paragraph "155," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

156.    Deny the factual assertions set forth in paragraph "156," of Plaintiff's 56.1 Statement, except admit that there is a letter form then Chancellor Crew to plaintiff, dated January 15, 1999, and affirmatively state that the denial of certification of probation is a "denial of tenure and terminates service in [the teacher's] license area" within in the school district. See BOE Handbook "Appeals Process," Ex. "Y," at RB2408-RB2409 ("Authority and Conditions for Denial of Completion of Probation"); see also letter from Chancellor Crew to the plaintiff, dated January 15, 1999, Ex. "VV," at Bates Stamp No. 0991.

157.    Admit the factual assertions set forth in paragraph "157," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

158.    Admit the factual assertions set forth in paragraph "158," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

159.    Deny the materiality of the factual assertions set forth in paragraph "159," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

160.    Deny the materiality of the factual assertions set forth in paragraph "160," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

161.    Deny the materiality of the factual assertions set forth in paragraph "161," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those

assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

162.    Deny the materiality of the factual assertions set forth in paragraph "162," of Plaintiff's 56.1 Statement, but as a general statement and for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

163.    Deny the materiality of the factual assertions set forth in paragraph "163," of Plaintiff's 56.1 Statement, except admit that as a probationary employee plaintiff was not entitled to the procedures set forth in section 3020-a of the New York Education Law. See Kicinksi Decl., Ex. "E," ¶ 6; see also HRS List Report, Ex. "C,"; see also (a) PTF, signed by plaintiff on January 30, 1998, Bates Stamp No. 000358; (b) "Finalized" PTF, printed February 10, 1998, Bates Stamp No. 000350; (c) BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Bates Stamp No. 0262; Ex. "RR."; Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34; Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34.

164.    Deny the materiality of the factual assertions set forth in paragraph "164," of Plaintiff's 56.1 Statement, and affirmatively state that BOE High Schools were part of the "City School District," which operated under the direct jurisdiction of the Chancellor rather than a local Community School District, accordingly the Chancellor was empowered to notify all teachers concerning the denial of certification of probation. See Def. 56.1 Stat., ¶ "11."; see also "Appeals Process," at RB2406-2416, Exhibit "Y."

165.    Deny the materiality of the factual assertions set forth in paragraph "165," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those

assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

166.    Deny the factual assertions and the materiality of those assertion set forth in paragraph "166," of Plaintiff's 56.1 Statement, and affirmatively state that in cases where a teacher's probationary service is "discontinued," the Chancellor or Superintendant sends out a notice of discontinuance after the probationary employee has received an adverse rating and supporting documentation for the rating; that where, as in this case, a teacher is "denied certification of probation," no supporting documentation accompanies the notice of denial, all supporting documentation are distributed to the employee on the date he is issued the "Annual Professional Performance Review and Report on Probationary Service of Pedagogical Employee." See BOE Handbook "Appeals Process," Ex. "Y," at Bates Stamp No. RB2408-RB2411, RB2420 ("Appendix A"), RB2423 ("Appendix D"); see also Annual Professional Performance Review and Report on Probationary Service of Pedagogical Employee, dated January 28, 1999 Ex. "TT," at "Section 4: Documentation."

167.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "167," of Plaintiff's 56.1 Statement, and respectfully refer the Court to the handbooks titled "Rating Pedagogical Staff Members" and "The Appeals Process," for a complete and accurate statement of BOE policies and procedures. See generally Handbooks, Ex. "Y."

168.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "168," of Plaintiff's 56.1 Statement, except admit that for probationary teachers in the High Schools in the Chancellor's District in 1998 it was usually the Chancellor or a designee of the Chancellor who informed the probationary teacher that the teacher would be

terminated and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

169.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "169," of Plaintiff's 56.1 Statement, except admit that for probationary teachers in the High Schools in the Chancellor's District in 1998 it was usually the Chancellor or a designee of the Chancellor who informed the probationary teacher that the teacher would be terminated and affirmatively state that plaintiff offers incomplete testimony to support his factual allegations, and respectfully refer the Court to the testimony cited therein for a complete and accurate statement of its contents.

170.    Admit  the factual assertions set forth in paragraph "170," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate description of their contents. See BOE Handbook "Appeals Process," Ex. "Y," at RB2408-RB2409 ("Authority and Conditions for Denial of Completion of Probation"); see also Letter from Chancellor Crew to the plaintiff, dated January 15, 1999, Ex. "VV," at Bates Stamp No. 0991.

171.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "171," of Plaintiff's 56.1 Statement, and affirmatively state that the cited testimony does not support plaintiff's factual assertion, and respectfully refer the Court to the testimony cited therein for a complete and accurate statement of its contents.

172.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "172," of Plaintiff's 56.1 Statement, and affirmatively state that the cited exhibit does not support plaintiff's factual assertion, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

173.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "173," of Plaintiff's 56.1 Statement, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

174.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "166," of Plaintiff's 56.1 Statement, and affirmatively state where a teacher is "denied certification of probation," no supporting documentation accompanies the notice of denial, all supporting documentation are distributed to the employee on the date he is issued the "Annual Professional Performance Review and Report on Probationary Service of Pedagogical Employee." See BOE Handbook "Appeals Process," Ex. "Y," at Bates Stamp No. RB2408-RB2411, RB2420 ("Appendix A"), RB2423 ("Appendix D"); see also Annual Professional Performance Review and Report on Probationary Service of Pedagogical Employee, dated January 28, 1999 Ex. "TT," at "Section 4: Documentation."

175.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "175," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

176.    Deny the materiality of the factual assertions set forth in paragraph "176," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

177.    Admit the factual assertions set forth in paragraph "177," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

178.    Admit the factual assertions set forth in paragraph "178," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

179.    Admit the factual assertions set forth in paragraph "179," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

180.    Deny the materiality of the factual assertions set forth in paragraph "180," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

181.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "181," of Plaintiff's 56.1 Statement except admit that Superintendent Gutman wrote a letter to then OAR director Reich, that it included among other things, the sentence quoted, affirmatively state that the plaintiff did not serve part February 1, 1999, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

182.    Deny the materiality of the factual assertions set forth in paragraph "182," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

183.    Deny the materiality of the factual assertions set forth in paragraph "183," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those

assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

184.    Deny the materiality of the factual assertions set forth in paragraph "184," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

185.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "185," of Plaintiff's 56.1 Statement, and affirmatively state that the cited testimony does not support plaintiff's factual assertions, and respectfully refer the Court to the cited exhibits for a complete and accurate statement of their contents.

186.    Paragraph "186," of Plaintiff's 56.1 Statement asserts a legal conclusion for which no response is required.  To the extent a response is required, defendants deny the allegations set forth in this paragraph, and the materiality of those allegations and note that the allegations are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

187.    Paragraph "187," of Plaintiff's 56.1 Statement asserts a legal conclusion for which no response is required.  To the extent a response is required, defendants deny the allegation set forth in this paragraph, and deny their materiality and affirmatively state that the allegations are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

188.   Admit the factual assertions set forth in paragraph "188," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

189.   Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "189," of Plaintiff's 56.1 Statement, and affirmatively state that by letter, dated February 1, 1999, Principal Frank provided plaintiff an assignment to be performed, that when plaintiff was presented with the February 1st letter and assignment, plaintiff became irate and refused to perform any of those assigned duties, that plaintiff's refusal was noted on the letter and that plaintiff testified at deposition that he did not perform any of the duties.  See Def. 56.1 Stat, ¶¶ "159," – "164,"; see also letter from Principal Frank to plaintiff, dated February 1, 1999, Bates Stamp No. 0993; letter from Principal Frank to plaintiff, dated February 1, 1999, Bates Stamp No. 0992; ("Termination Documents"), Ex. "VV,"; see also Reich Dep., Ex. "UU," at  126:13-127:4;  Pl. 2009 Dep, Ex. "G" at 87:1-16; Frank 2009 Dep., Ex. "Z," at 83:11-83:18.

190.   Deny the materiality of the factual assertions set forth in paragraph "190," of Plaintiff's 56.1 Statement, affirmatively state that plaintiff's allegations are speculative, conclusory and unsupported by citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d),

191.   Deny the factual assertions and the materiality of those assertions set forth in paragraph "191," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

192.   Admit the factual assertions set forth in paragraph "192," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

193.    Deny the factual assertions and the materiality of those assertions set forth in paragraph "193," of Plaintiff's 56.1 Statement, except admit that plaintiff was required to obey the orders of his supervisor regardless of the opinion of the union and affirmatively state that by letter, dated February 1, 1999, Principal Frank provided plaintiff an assignment to be performed, that when plaintiff was presented with the February 1st letter and assignment, plaintiff became irate and refused to perform any of the assigned duties, that plaintiff's refusal was noted on the letter and that plaintiff testified at deposition that he did not perform any of the duties. See Def. 56.1 Stat, ¶¶ "159," – "164,"; see also letter from Principal Frank to plaintiff, dated February 1, 1999, Bates Stamp No. 0993; letter from Principal Frank to plaintiff, dated February 1, 1999, Bates Stamp No. 0992; ("Termination Documents"), Ex. "VV,"; Reich Dep., Ex. "UU," at 126:13-127:4;  Pl. 2009 Dep, Ex. "G" at 87:1-16; Frank 2009 Dep., Ex. "Z," at 83:11-83:18.

194.    Deny the materiality of the factual assertions set forth in paragraph "194," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents. See Def. 56.1 Stat., ¶¶ "165," – "166."

195.    Deny the materiality of the factual assertions set forth in paragraph "195," of Plaintiff's 56.1 Statement, but for purposes of this motion only defendants accept those assertions as undisputed and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents. See Def. 56.1 Stat., ¶¶ "165," – "166."

196.    Deny the materiality of the factual assertions set forth in paragraph "196," of Plaintiff's 56.1 Statement, and affirmatively state that plaintiff mischaracterizes the cited testimony and respectfully refer the Court to the deposition testimony cited therein for a complete and accurate statement of its contents.

197.    Admit the factual assertions set forth in paragraph "197," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

198.    Deny the materiality of the factual assertions set forth in paragraph "198," except admit that Superintendent Gutman requested an adjournment of the OAR conference date on behalf of the NTHS administration, and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

199.    Deny the materiality of the factual assertions set forth in paragraph "199," and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

200.    Admit the factual assertions set forth in paragraph "200," of Plaintiff's 56.1 Statement and deny their materiality and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

201.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "201," of Plaintiff's 56.1 Statement, except admit that Brenes' UFT representative was asked for a doctor's note and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

202.    Deny the materiality of the factual assertions set forth in paragraph "202," of Plaintiff's 56.1 Statement, and respectfully refer the Court to the deposition testimony cited therein for a complete and accurate statement of its contents.

203.    Admit the factual assertions and the materiality of those factual assertions set forth in paragraph "203," of Plaintiff's 56.1 Statement and respectfully refer the Court to the exhibits cited therein for a complete and accurate statement of their contents.

204.   Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "204," of Plaintiff's 56.1 Statement, and admit that plaintiff submitted a note allegedly from a doctor and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

Dated:        New York, New York
              February 19, 2010

                              **MICHAEL A. CARDOZO**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-314
                              New York, New York 10007-2601
                              (212) 227-3153
                              lmartine@law.nyc.gov


                    By:   **ECF        /s/**
                                     Larry R. Martinez
                                Assistant Corporation Counsel

01 Civ 3943 (TLM)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICARDO BRENES

Plaintiff,

-against-

JOANNE FRANK, et al.,

Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT**

**MICHAEL A. CARDOZO**

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-314
New York, New York 10007-2601

Of Counsel:    Larry R. Martinez
Tel No.:        (212) 227-3153

Matter No.: 01GL000530

*Service of which is hereby acknowledged*:

*New York, New York* ....................Dated:        ...2010

Signed: ...............................................................................

Attorney for: ....................................................................