UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

RICARDO BRENES,

                             Plaintiff,

               -against-

JOANNE FRANK, Principal, Norman Thomas High
School, Individually and in her Official Capacity;
RUDOLPH CREW, Individually and in his former
Official Capacity as Chancellor; GRANGER WARD,
Individually and in his former Official Capacity as
Manhattan Superintendent; the NEW YORK CITY
DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK and THE CITY OF NEW YORK  THE
BOARD OF EDUCATION OF THE CITY OF NEW
YORK,

                             Defendants.

---------------------------------------------------------------------- x

**DEFENDANTS' REPLY TO
"PLAINTIFF'S COUNTER
56.1 STATEMENT"**

01 Civ. 3943 (TLM)(LB)

        Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the

City of New York, respectfully submit, pursuant to Local Rule 56.1 of the Civil Rules of the

Eastern District of New York, the following reply to "Plaintiff's Counter 56.1 Statement,"

("Plaintiff's 56.1 Counter Statement") submitted in opposition to "Defendants' Statement of

Undisputed Facts Pursuant to Local Civil Rule 56.1," ("Defendants' 56.1 Statement.").[1]

**<u>Plaintiff's Work History</u>**

        1.      Deny the factual assertions and the materiality of the factual assertions set

forth in paragraph "1," and footnote "1," of Plaintiff's Counter Statement, and respectfully refer

---

[1] Unless otherwise indicated, all references to "Exhibits" are to the exhibits annexed to the
Declaration of Larry R. Martinez in Support of Defendants' Motion for Summary Judgment,
dated January 15, 2010.  While the Federal and Local Rules do not seem to require it, Defendants
respectfully submit their "Reply 56.1 Statement," to clarify any factual issues that may remain
extant.

the Court to the exhibits cited in paragraph "1," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

A.      **Plaintiff's BOE History: David Ruggles Middle School, April 1993 - June 1993.**

2.      Plaintiff has admitted to the facts as originally set forth in paragraph "2," of Defendants' 56.1 Statement.

3.      Plaintiff has admitted to the facts as originally set forth in paragraph "3," of Defendants' 56.1 Statement.

4.      Plaintiff has admitted to the facts as originally set forth in paragraph "4," of Defendants' 56.1 Statement.

5.      Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "5," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "5," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

6.      Plaintiff has admitted to the facts as originally set forth in paragraph "6," of Defendants 56.1 Statement.

7.      Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "7," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "7," Defendants' 56.1 Statement for a complete and accurate description of their contents.

8.      Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "8," of Plaintiff's Counter Statement, and respectfully refer the Court the exhibits cited in paragraph "8," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  See Fed. R. Evid. 901 (b)(4).

- 2 -

9.      Plaintiff has admitted to the facts as originally set forth in paragraph "9," of Defendants 56.1 Statement.

10.      Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "10," of Plaintiff's Counter Statement, and affirmatively state that plaintiff's assertion that "Plaintiff had been issued a Prepatory Provisional Teaching (PPT) License for the aforementioned [1993-1994] school year, Plaintiff was a full time regular substitute teacher of social studies (Spanish)," is unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d).

11.      Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "11," of Plaintiff's Counter Statement, and note that all plaintiff's allegations set forth in that paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court the exhibits cited in paragraph "11," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

12.      Deny the materiality of the factual assertions set forth in paragraph "12," of Plaintiff's Counter Statement, and respectfully refer the Court the exhibits cited in paragraph "12," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

13.      Deny the materiality of the factual assertions set forth in paragraph "13," of Plaintiff's Counter Statement, and respectfully refer the Court the exhibits cited in paragraph "13," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

14.      Plaintiff has admitted to the facts as originally set forth in paragraph "14," of Defendants' 56.1 Statement.

15.     Plaintiff has admitted to the facts as originally set forth in paragraph "15," of Defendants' 56.1 Statement.

16.     Plaintiff has admitted to the facts as originally set forth in paragraph "16," of Defendants' 56.1 Statement.

17.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "17," of Plaintiff's 56.1 Statement, and note that plaintiff's allegations are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d).

18.     Plaintiff has admitted to the facts as originally set forth in paragraph "18," of Defendants' 56.1 Statement.

19.     Plaintiff has admitted to the facts as originally set forth in paragraph "19," of Defendants' 56.1 Statement.

20.     Plaintiff has admitted to the facts as originally set forth in paragraph "20," of Defendants' 56.1 Statement.

21.     Plaintiff has admitted to the facts as originally set forth in paragraph "21," of Defendants' 56.1 Statement.

22.     Plaintiff has admitted to the facts as originally set forth in paragraph "22," of Defendants' 56.1 Statement.

23.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "23," of Plaintiff's Counter Statement, and respectfully refer the Court the exhibits cited in paragraph "23," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

24.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "24," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "24," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

25.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "25," of Plaintiff's Counter Statement, in response to plaintiff's argument regarding the exhibits cited in paragraph "25," of Defendants' 56.1 Statement, defendants affirmatively state that they do not know what plaintiff means by "admissible form" and that  the exhibits cited in paragraph "25," of Defendants' 56.1 Statement are being offered to show the state of mind of defendants' representatives in making various employment decisions with regard to the plaintiff throughout his plaintiff's employment with the BOE, state further that plaintiff's objection to the authenticity of the cited exhibits is rebutted by plaintiff's deposition testimony, and note that all of plaintiff's allegations set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "25," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  See Fed. R. Evid. 803(3) and 901(b)(1), 901(b)(4); Pl. 10/5/05 Dep., Ex. "F," 134:13-136.1; Pl. 10/5/05 Dep., which is annexed to the Declaration of Larry R. Martinez, dated March 5, 2010 ("Martinez 3/5/10 Decl.") as Ex. "GGG," at 129:17-130:2; Deposition of Principal of MLKHS Stephanie Ferrandino, taken May 22, 2006, ("Ferrandino Dep.") which is annexed to the Martinez 3/5/10 Decl., as Ex. "KKK," at 69:13-74:23; 76:22-78:9; McPherson v. Board of Educ., 457 3d 211, 216 (statements admissible to determine "what motivated the employer.")

26.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "26," of Plaintiff's Counter Statement,  in response to plaintiff's argument regarding the exhibits cited in paragraph "26," of Defendants' 56.1 Statement, defendants affirmatively state that they do not know what plaintiff means by "admissible form" and that  the exhibits cited in paragraph "26," of Defendants' 56.1 Statement are being offered to show the state of mind of defendants' representatives in making various employment decisions with regard to the plaintiff throughout his plaintiff's employment with the BOE, state further that plaintiff's objection to the authenticity of the cited exhibits is rebutted by plaintiff's deposition testimony, and note that all of plaintiff's allegations set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and  respectfully refer the Court to the exhibits cited in paragraph "26," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  See Fed. R. Evid. 803(3) and 901(b)(1), 901(b)(4); Pl. 10/5/05 Dep., Ex. "F," 134:13-136.1; Pl. 10/5/05 Dep., which is annexed to the Declaration of Larry R. Martinez, dated March 5, 2010 ("Martinez 3/5/10 Decl.") as Ex. "GGG," at 129:17-130:2; Deposition of Principal of MLKHS Stephanie Ferrandino, taken May 22, 2006, ("Ferrandino Dep.") which is annexed to the Martinez 3/5/10 Decl., as Ex. "KKK," at 69:13-74:23; 76:22-78:9; McPherson v. Board of Educ., 457 3d 211, 216 (statements admissible to determine "what motivated the employer.")

27.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "27," of Plaintiff's Counter Statement, in response to plaintiff's argument regarding the exhibits cited in paragraph "27," of Defendants' 56.1 Statement, defendants affirmatively state that they do not know what plaintiff means by "admissible form" and that  the exhibits cited in paragraph "27," of Defendants' 56.1 Statement are being offered to show the

state of mind of defendants' representatives in making various employment decisions with regard to the plaintiff throughout his plaintiff's employment with the BOE, state further that plaintiff's objection to the authenticity of the cited exhibits is rebutted by plaintiff's deposition testimony, and note that all of plaintiff's allegations set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "27," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  See Fed. R. Evid. 803(3) and 901(b)(1), 901(b)(4); Pl. 10/5/05 Dep., Ex. "F," 134:13-136.1; Pl. 10/5/05 Dep., which is annexed to the Declaration of Larry R. Martinez, dated March 5, 2010 ("Martinez 3/5/10 Decl.") as Ex. "GGG," at 129:17-130:2; Deposition of Principal of MLKHS Stephanie Ferrandino, taken May 22, 2006, ("Ferrandino Dep.") which is annexed to the Martinez 3/5/10 Decl., as Ex. "KKK," at 69:13-74:23; 76:22-78:9; McPherson v. Board of Educ., 457 3d 211, 216 (statements admissible to determine "what motivated the employer.").

　　　　　28.　　　Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "28," of Plaintiff's Counter Statement, in response to plaintiff's regarding the exhibits cited in paragraph "28," of Defendants' 56.1 Statement, defendants affirmatively state that they do not know what plaintiff means by "admissible form" and that  the exhibits cited in paragraph "28," of Defendants' 56.1 Statement are being offered to show the state of mind of defendants' representatives in making various employment decisions with regard to the plaintiff throughout his plaintiff's employment with the BOE, state further that plaintiff's objection to the authenticity of the cited exhibits is rebutted by plaintiff's deposition testimony, and note that all of plaintiff's allegations set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and

respectfully refer the Court to the exhibits cited in paragraph "28," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  See Fed. R. Evid. 803(3) and 901(b)(1), 901(b)(4); Pl. 10/5/05 Dep., Ex. "F," 134:13-136.1; Pl. 10/5/05 Dep., which is annexed to the Declaration of Larry R. Martinez, dated March 5, 2010 ("Martinez 3/5/10 Decl.") as Ex. "GGG," at 129:17-130:2; Deposition of Principal of MLKHS Stephanie Ferrandino, taken May 22, 2006, ("Ferrandino Dep.") which is annexed to the Martinez 3/5/10 Decl., as Ex. "KKK," at 69:13-74:23; 76:22-78:9; McPherson v. Board of Educ., 457 3d 211, 216 (statements admissible to determine "what motivated the employer.").

29.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "29," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer to the Court the exhibits cited in paragraph "29," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

30.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "30," of Plaintiff's Counter Statement, in response to plaintiff's argument regarding the exhibits cited in paragraph "30," of Defendants' 56.1 Statement, defendants affirmatively state that they do not know what plaintiff means by "admissible form" and that the exhibits cited in paragraph "30," of Defendants' 56.1 Statement are being offered to show the state of mind of defendants' representatives in making various employment decisions with regard to the plaintiff throughout his plaintiff's employment with the BOE, state further that plaintiff's objection to the authenticity of the cited exhibits is rebutted by plaintiff's deposition testimony, and note that all of plaintiff's allegations set forth in this paragraph are unsupported by any

citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "30," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  See Fed. R. Evid. 803(3) and 901(b)(1), 901(b)(4); Pl. 10/5/05 Dep., Ex. "F," 134:13-136.1; Pl. 10/5/05 Dep., which is annexed to the Declaration of Larry R. Martinez, dated March 5, 2010 ("Martinez 3/5/10 Decl.") as Ex. "GGG," at 129:17-130:2; Deposition of Principal of MLKHS Stephanie Ferrandino, taken May 22, 2006, ("Ferrandino Dep.") which is annexed to the Martinez 3/5/10 Decl., as Ex. "KKK," at 69:13-74:23; 76:22-78:9; McPherson v. Board of Educ., 457 3d 211, 216 (statements admissible to determine "what motivated the employer.")

31.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "31," of Plaintiff's Counter Statement,  n response to plaintiff's argument that regarding the exhibits cited in paragraph "31," of Defendants' 56.1 Statement, defendants affirmatively state that they do not know what plaintiff means by "admissible form" and that  the exhibits cited in paragraph "31," of Defendants' 56.1 Statement are being offered to show the state of mind of defendants' representatives in making various employment decisions with regard to the plaintiff throughout his plaintiff's employment with the BOE, state further that plaintiff's objection to the authenticity of the cited exhibits is rebutted by plaintiff's deposition testimony, and note that all of plaintiff's allegations set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "31," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  See Fed. R. Evid. 803(3) and 901(b)(1), 901(b)(4); Pl. 10/5/05 Dep., Ex. "F," 134:13-136.1; Pl. 10/5/05 Dep., which is annexed to the Declaration of Larry R. Martinez, dated March 5, 2010 ("Martinez

3/5/10 Decl.") as Ex. "GGG," at 129:17-130:2; Deposition of Principal of MLKHS Stephanie

Ferrandino, taken May 22, 2006, ("Ferrandino Dep.") which is annexed to the Martinez 3/5/10

Decl., as Ex. "KKK," at 69:13-74:23; 76:22-78:9; McPherson v. Board of Educ., 457 3d 211,

216 (statements admissible to determine "what motivated the employer.").

        32.     Deny the factual assertions and the materiality of the factual assertions set

forth in paragraph "32," of Plaintiff's Counter Statement, and in response to plaintiff's argument

regarding the exhibits cited in paragraph "32," of Defendants' 56.1 Statement, defendants

affirmatively state that they do not know what plaintiff means by "admissible form" and that the

exhibits cited in paragraph "32," of Defendants' 56.1 Statement are being offered to show the

state of mind of defendants' representatives in making various employment decisions with regard

to plaintiff throughout plaintiff's employment with the BOE, that plaintiff's objection to the

authenticity of the cited exhibits is rebutted by plaintiff's deposition testimony identifying the

document, that plaintiff's submission of plaintiff's "rebuttal letter submitted to the New York

State Division of Human Rights dated April 2, 1996," is not material to the issues set forth in

Defendants' motion for summary judgment, that as it pertains to plaintiff's "rebuttal letter," on or

about July 12, 1995, plaintiff filed a discrimination complaint with the New York State Division

of Human Rights ("SDHR") in which he alleged that that he was demoted from plaintiff's

position as Dean at MLKHS because of plaintiff's race (Hispanic); defendants submitted a

position statement in response to plaintiff's complaint; and the SDHR issued a "Determination

and Order After Investigation," dated April 26, 2000, dismissing plaintiff's charge of

discrimination in its entirety, plaintiff never proceeded to state court to challenge the

determination and is barred by issue preclusion and the statute of limitations applicable to a §

1983 action from attempting to raise any matters pertaining to the SDHR charge or the

allegations in that SDHR charge in plaintiff's case; respectfully refer the Court to the exhibits cited in paragraph "32," of Defendants' 56.1 Statement for a complete and accurate description of their contents. <u>See</u> SDHR Complaint Number 9D-E-R-95-4602811-E, dated July 12, 1995 Martinez 3/5/10 Decl., Ex. "HHH,"; BOE "Position Statement," dated October 12, 1995, Martinez 3/5/10 Decl., Ex. "III,"; SDHR Decision, dated April 26, 2000, Martinez 3/5/10 Decl., Ex. "JJJ,"; <u>DeCintio v. Westchester County Medical Ctr.</u>, 821 F.2d 111, 118 (2d Cir. 1987); Fed. R. Evid. 803(3); Fed. R. Evid.  901(b)(1), 901(b)(4); Pl. 10/5/05 Dep., Ex. "F," 134:13-135; Pl. 10/5/05 Dep., Martinez 3/5/10 Decl., Ex. "GGG," Ferrandino Dep., Martinez 3/5/10 Decl., Ex. "KKK," at 69:13-74:23; 76:22-78:9.

33.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "33," of Plaintiff's Counter Statement, in response to plaintiff's argument regarding the exhibits cited in paragraph "33," of Defendants' 56.1 Statement, defendants affirmatively state that they do not know what plaintiff means by "admissible form" and that  the exhibits cited in paragraph "33," of Defendants' 56.1 Statement are being offered to show the state of mind of defendants' representatives in making various employment decisions with regard to the plaintiff throughout his plaintiff's employment with the BOE, state further that plaintiff's objection to the authenticity of the cited exhibits is rebutted by plaintiff's deposition testimony, and note that all of plaintiff's allegations set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "33," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  <u>See</u> Fed. R. Evid. 803(3) and 901(b)(1), 901(b)(4); Pl. 10/5/05 Dep., Ex. "F," 134:13-136.1; Pl. 10/5/05 Dep., which is annexed to the Declaration of Larry R. Martinez, dated March 5, 2010 ("Martinez

3/5/10 Decl.") as Ex. "GGG," at 129:17-130:2; Deposition of Principal of MLKHS Stephanie Ferrandino, taken May 22, 2006, ("Ferrandino Dep.") which is annexed to the Martinez 3/5/10 Decl., as Ex. "KKK," at 69:13-74:23; 76:22-78:9; McPherson v. Board of Educ., 457 3d 211, 216 (statements admissible to determine "what motivated the employer.").

    34. Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "34," of Plaintiff's Counter Statement, in response to plaintiff's argument regarding the exhibits cited in paragraph "34," of Defendants' 56.1 Statement, defendants affirmatively state that they do not know what plaintiff means by "admissible form" and that the exhibits cited in paragraph "34," of Defendants' 56.1 Statement are being offered to show the state of mind of defendants' representatives in making various employment decisions with regard to the plaintiff throughout his plaintiff's employment with the BOE, state further that plaintiff's objection to the authenticity of the cited exhibits is rebutted by plaintiff's deposition testimony, and note that all of plaintiff's allegations set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "34," of Defendants' 56.1 Statement for a complete and accurate description of their contents. See Fed. R. Evid. 803(3) and 901(b)(1), 901(b)(4); Pl. 10/5/05 Dep., Ex. "F," 134:13-136.1; Pl. 10/5/05 Dep., which is annexed to the Declaration of Larry R. Martinez, dated March 5, 2010 ("Martinez 3/5/10 Decl.") as Ex. "GGG," at 129:17-130:2; Deposition of Principal of MLKHS Stephanie Ferrandino, taken May 22, 2006, ("Ferrandino Dep.") which is annexed to the Martinez 3/5/10 Decl., as Ex. "KKK," at 69:13-74:23; 76:22-78:9; McPherson v. Board of Educ., 457 3d 211, 216 (statements admissible to determine "what motivated the employer.").

35.     Deny the materiality of the factual assertions set forth in paragraph "35," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "35," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

36.     Deny the materiality of the factual assertions set forth in paragraph "36," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "36," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

37.     Deny the materiality of the factual assertions set forth in paragraph "37," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "37," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

38.     Plaintiff has admitted to the factual assertions as originally set forth in paragraph "38," of Defendants' 56.1 Statement.

39.     Plaintiff has admitted to the factual assertions as originally set forth in paragraph "39," of Defendants' 56.1 Statement.

40.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "40," of Plaintiff's Counter Statement, in response to plaintiff's argument regarding the exhibits cited in paragraph "40," of Defendants' 56.1 Statement, defendants affirmatively state that they do not know what plaintiff means by "admissible form" and that  the exhibits cited in paragraph "40," of Defendants' 56.1 Statement are being offered to show the state of mind of defendants' representatives in making various employment decisions with regard to the plaintiff throughout his plaintiff's employment with the BOE, state further that plaintiff's

objection to the authenticity of the cited exhibits is rebutted by plaintiff's deposition testimony, and note that all of plaintiff's allegations set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "40," of Defendants' 56.1 Statement for a complete and accurate description of their contents. <u>See</u> Fed. R. Evid. 803(3) and 901(b)(1), 901(b)(4); Pl. 10/5/05 Dep., Ex. "F," 134:13-136.1; Pl. 10/5/05 Dep., which is annexed to the Declaration of Larry R. Martinez, dated March 5, 2010 ("Martinez 3/5/10 Decl.") as Ex. "GGG," at 129:17-130:2; Deposition of Principal of MLKHS Stephanie Ferrandino, taken May 22, 2006, ("Ferrandino Dep.") which is annexed to the Martinez 3/5/10 Decl., as Ex. "KKK," at 69:13-74:23; 76:22-78:9; <u>McPherson v. Board of Educ.</u>, 457 3d 211, 216 (statements admissible to determine "what motivated the employer.").

41.     Plaintiff has admitted the facts as originally set forth in paragraph "41," of Defendants' 56.1 Statement.

42.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "42," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "42," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

43.     Plaintiff has admitted to the facts as originally set forth in paragraph "43," of Defendants' 56.1 Statement.

44.     Plaintiff has admitted to the facts as originally set forth in paragraph "44," of Defendants' 56.1 Statement.

45.     Deny the materiality of the factual assertions set forth in paragraph "45," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "45," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

46.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "46," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "46," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

47.     Deny the materiality of the factual assertions set forth in paragraph "47," of Plaintiff's Counter Statement, and affirmatively state that the portions of the BOE handbook "Rating Pedagogical Staff Members," are inapplicable to BOE High School teachers, and respectfully refer the Court to the exhibits cited in paragraph "47," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

48.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "48," of Plaintiff's Counter Statement, and object to all of plaintiff's factual assertions set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "48," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

49.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "49," of Plaintiff's Counter Statement, and object to all of plaintiff's

allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "49," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

50.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "50," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "50," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

51.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "51," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "51," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

52.     Plaintiff's denial of the facts asserted in paragraph "52," of Defendants' 56.1 Statement is unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d).

53.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "53," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer

54.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "54," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "54," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

55.    Plaintiff's denial of the facts asserted in paragraph "55," of Defendants' 56.1 Statement is unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d).

56.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "56," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "56," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

57.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "57," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "57," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

58.    Plaintiff has admitted to the facts as originally set forth in paragraph "58," of Defendants' 56.1 Statement.

59.    Deny the materiality of the factual assertions set forth in paragraph "59," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in

paragraph "59," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

60.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "60," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "60," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

61.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "61," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "61," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

62.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "62," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "62," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

63.     Plaintiff has admitted the facts as originally set forth in paragraph "63," of Defendants' 56.1 Statement.

64.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "64," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "64," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

65.     Plaintiff has admitted the facts as originally set forth in paragraph "65," of Defendants' 56.1 Statement.

66.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "66," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "66," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

67.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "67," of Plaintiff's Counter Statement, and affirmatively state that plaintiff's allegation that plaintiff's annual evaluation for the 1996-1997 school year at Graphic Communication Arts High School ("GCAHS") dated June 23, 1997, "shows that Principal Turetsky had recommended to Superintendant Ward that Plaintiff be allowed to continue at GCAHS as a probationary appointed teacher for the school year 1997-1998," is rebutted by the fact that plaintiff was not licensed, and therefore not eligible for any appointed tenure track position until July 2, 1997, the date he received two BOE Conditional Licenses to teach bi-lingual social studies in BOE Junior High and High Schools, and object to all plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "67," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

68.     Plaintiff has admitted the facts as originally set forth in paragraph "68," of Defendants' 56.1 Statement.

69.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "69," of Plaintiff's Counter Statement, and affirmatively state that plaintiff's factual assertions set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and

respectfully refer the Court to the exhibits cited in paragraph "69," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

70.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "70," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "70," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

71.     Deny the materiality of the factual assertions set forth in paragraph "71," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "71," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

72.     Deny the materiality of the factual assertions set forth in paragraph "72," of Plaintiff's Counter Statement, and affirmatively state that plaintiff's assertion that "Chancellor Crew. . . set plaintiff's appointment date effective July 1, 1997," is inconsistent with plaintiff's admission that (a) he did not receive the licenses which made him eligible for an appointed position until July 2, 1997 and (b) he was not appointed to a tenure-track position at any point prior to July 25, 1997, object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in

paragraph "72," of Defendants' 56.1 Statement for a complete and accurate description of their contents. See Pl. 2009 Dep., Ex. "F," 35:8-35:14; 45:12-45:18.

73.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "73," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "73," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

74.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "74," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "74," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

75.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "75," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "75," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

76.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "76," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "76," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

77.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "77," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "77," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

78.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "78," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "78," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

79.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "79," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "79," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

80.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "80," of Plaintiff's Counter Statement, affirmatively state that: (a) the Personnel Transaction Form, dated July 23, 1997; (b) plaintiff's deposition testimony; and (c) plaintiff's letter to Superintendant Ward dated September 3, 1997, establishes that plaintiff requested to be released from GCAHS to pursue the position at Junior High School District 3 and

respectfully refer the Court to the exhibits cited in paragraph "80," of Defendants' 56.1 Statement for a complete and accurate description of their contents. See Personnel Transaction Form, dated July 23, 1997, Ex. "LL,"; letter from plaintiff to Superintendant Ward, dated September 3, 1997, Ex. "KK,"; Pl. 2009 Dep. Ex. "G," at 49-56.

81.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "81," of Plaintiff's Counter Statement, affirmatively state that: (a) the Personnel Transaction Form, dated July 23, 1997; (b) plaintiff's deposition testimony; and (c) plaintiff's letter to Superintendant Ward dated September 3, 1997, establishes that plaintiff requested to be released from GCAHS to pursue the position at Junior High School District 3 and respectfully refer the Court to the exhibits cited in paragraph "81," of Defendants' 56.1 Statement for a complete and accurate description of their contents. See Personnel Transaction Form, dated July 23, 1997, Ex. "LL,"; letter from plaintiff to Superintendant Ward, dated September 3, 1997, Ex. "KK,"; Pl. 2009 Dep. Ex. "G," at 49-56.

82.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "82," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "82," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

83.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "83," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "83," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

84.     Plaintiff has admitted the facts as originally set forth in paragraph "84," of Defendants' 56.1 Statement.

85.     Denies the allegations set forth in paragraph "85," of Plaintiff's Counter Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," and further that defendants' answer to the first amended complaint and the amended answer to the first amended complaint completely supplants and replaces the answer to the original complaint, state further that the error of the cited September 2, 1997 date is supported by the fact that plaintiff did not begin plaintiff's employment at SPHS until September 10, 1997, and respectfully refer the Court to the exhibits cited in paragraph "85," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  See Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; see also Answer to Amended Complaint, dated June 19, 2009, which is annexed to the Martinez 2/19/10 Decl., as Ex. "D,"; Amended Answer to the Amended Complaint dated November 15, 2009, Ex. "B,"; Personnel Transaction Form, dated September 10, 1997, Ex. "NN."

86.     Deny the factual assertions set forth in paragraph "86," of Plaintiff's Counter Statement, and object to plaintiff's allegation that he was "informed that there was an appointed teaching position at GWHS in September, 1997," is unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "86," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

87.     Deny the factual assertions set forth in paragraph "87," of Plaintiff's Counter Statement, and object to plaintiff's allegation that he "understood, from plaintiff's union and others, that as long as he taught five classes at SPHS, at least three (3) of which were in

- 24 -

plaintiff's license area, i.e. bilingual social studies, he is a regular appointed probationary teacher at SPHS," as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully and respectfully refer the Court to the exhibits cited in paragraph "87," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

88.   Deny the materiality of the factual assertions set forth in paragraph "88," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "88," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

89.   Deny the factual assertions made in paragraph "89," of Plaintiff's Counter Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," and further that defendants' answer to the first amended complaint and defendants' amended answer to the first amended complaint completely supplants and replaces the answer to the original complaint, that each of those two answers correctly states that plaintiff was not appointed to a tenure track position until February 2, 1998, that there is no admission as to the September 2, 1997, date, and note further that plaintiff's did not even begin employment at SPHS until September 10, 1997, 8 days after September 2, 1997, and respectfully refer the Court to the exhibits cited in paragraph "89," of Defendants' 56.1 Statement for a complete and accurate description of their contents.   <u>See</u> Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; <u>see also</u> Answer to Amended Complaint, dated June 19, 2009, which is annexed to the Martinez 2/19/10 Decl., as Ex. "D,"; Amended Answer to the Amended Complaint dated

November 15, 2009, Ex. "B,"; Personnel Transaction Form, dated September 10, 1997, Ex. "NN."

90.    Plaintiff has admitted the facts as originally set forth in paragraph "90," of Defendants' 56.1 Statement.

91.    Deny the factual assertions made in paragraph "91," of Plaintiff's Counter Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," and further that defendants' answer to the first amended complaint and defendants' amended answer to the first amended complaint completely supplants and replaces the answer to the original complaint, that each of those two answers correctly states that plaintiff was not appointed to a tenure track position until February 2, 1998, that there is no admission as to the September 2, 1997, date, and note further that plaintiff's did not even begin employment at SPHS until September 10, 1997, 8 days after September 2, 1997, and respectfully refer the Court to the exhibits cited in paragraph "91," of Defendants' 56.1 Statement for a complete and accurate description of their contents.   See Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; see also  Answer to Amended Complaint, dated June 19, 2009, which is annexed to the Martinez 2/19/10 Decl., as Ex. "D,"; Amended Answer to the Amended Complaint dated November 15, 2009, Ex. "B,"; Personnel Transaction Form, dated September 10, 1997, Ex. "NN."

92.    Deny the factual assertions made in paragraph "92," of Plaintiff's Counter Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective

September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," and further that defendants' answer to the first amended complaint and defendants' amended answer to the first amended complaint completely supplants and replaces the answer to the original complaint, that each of those two answers correctly states that plaintiff was not appointed to a tenure track position until February 2, 1998, that there is no admission as to the September 2, 1997, date, and note further that plaintiff's did not even begin employment at SPHS until September 10, 1997, 8 days after September 2, 1997, and respectfully refer the Court to the exhibits cited in paragraph "92," of Defendants' 56.1 Statement for a complete and accurate description of their contents.   See Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; see also  Answer to Amended Complaint, dated June 19, 2009, which is annexed to the Martinez 2/19/10 Decl., as Ex. "D,"; Amended Answer to the Amended Complaint dated November 15, 2009, Ex. "B,"; Personnel Transaction Form, dated September 10, 1997, Ex. "NN."

   93.    Deny the factual assertions made in paragraph "93," of Plaintiff's Counter Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," and further that defendants' answer to the first amended complaint and defendants' amended answer to the first amended complaint completely supplants and replaces the answer to the original complaint, that each of those two answers correctly states that plaintiff was not appointed to a tenure track position until February 2, 1998, that there is no admission as to the September 2, 1997, date, and note further that plaintiff's did not even begin employment at SPHS until September 10, 1997, 8 days after September 2, 1997, and respectfully

refer the Court to the exhibits cited in paragraph "93," of Defendants' 56.1 Statement for a complete and accurate description of their contents.   See Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; see also  Answer to Amended Complaint, dated June 19, 2009, which is annexed to the Martinez 2/19/10 Decl., as Ex. "D,"; Amended Answer to the Amended Complaint dated November 15, 2009, Ex. "B,"; Personnel Transaction Form, dated September 10, 1997, Ex. "NN."

94.     Deny the factual assertions made in paragraph "94," of Plaintiff's Counter Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," and further that defendants' answer to the first amended complaint and defendants' amended answer to the first amended complaint completely supplants and replaces the answer to the original complaint, that each of those two answers correctly states that plaintiff was not appointed to a tenure track position until February 2, 1998, that there is no admission as to the September 2, 1997, date, and note further that plaintiff's did not even begin employment at SPHS until September 10, 1997, 8 days after September 2, 1997, and respectfully refer the Court to the exhibits cited in paragraph "94," of Defendants' 56.1 Statement for a complete and accurate description of their contents.   See Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; see also  Answer to Amended Complaint, dated June 19, 2009, which is annexed to the Martinez 2/19/10 Decl., as Ex. "D,"; Amended Answer to the Amended Complaint dated November 15, 2009, Ex. "B,"; Personnel Transaction Form, dated September 10, 1997, Ex. "NN."

95.     Deny the materiality of the factual assertions set forth in paragraph "95," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "95," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

96.     Deny the factual assertions set forth in paragraph "96," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "96," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

97.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "97," of Plaintiff's Counter Statement.

98.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "98," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "98," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

99.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "99," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "99," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

100.     Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "100," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as

required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "100," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

       101.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "101," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "101," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

       102.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "102," of Plaintiff's Counter Statement, except admit that plaintiff was "excessed" from SPHS and that plaintiff filed a grievance and respectfully refer the Court to the exhibits cited in paragraph "102," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

       103.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "103," of Plaintiff's Counter Statement, and affirmatively state that, notwithstanding plaintiff's transfer to NTHS, plaintiff could have invoked plaintiff's rights pursuant to the parties' collective bargaining agreement, that plaintiff's factual assertions set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "103," of Defendants' 56.1 Statement for a complete and accurate description of their contents. See CBA, Art 22, Ex. "T."

104.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "104," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "104," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

105.    Deny the materiality of the factual assertions set forth in paragraph "105," of Plaintiff's Counter Statement, and affirmatively state that any claim based on Principal Frank's notation on the personnel transaction form, dated February 2, 1998 is time-barred, and respectfully refer the Court to the exhibits cited in paragraph "105," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

106.    Plaintiff has admitted to the facts as originally set forth in paragraph "106," of Defendants' 56.1 Statement.

107.    Plaintiff has admitted to the facts as originally set forth in paragraph "107," of Defendants' 56.1 Statement.

108.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "108," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "108," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

109.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "109," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer

the Court to the exhibits cited in paragraph "109," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

110.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "110," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "110," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

111.    Deny the materiality of the factual assertions set forth in paragraph "111," and footnote "3," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "111," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

112.    Deny the factual assertions made in paragraph "112," of Plaintiff's Counter Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," and further that defendants' answer to the first amended complaint and defendants' amended answer to the first amended complaint completely supplants and replaces the answer to the original complaint, that each of those two answers correctly states that plaintiff was not appointed to a tenure track position until February 2, 1998, that there is no admission as to the September 2, 1997, date, and note further that plaintiff's did not even begin

___ Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; see also Answer to Amended Complaint, dated June 19, 2009, which is annexed to the Martinez 2/19/10 Decl., as Ex. "D,"; Amended Answer to the Amended Complaint dated November 15, 2009, Ex. "B,"; Personnel Transaction Form, dated September 10, 1997, Ex. "NN."

113.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "113," of Plaintiff's Counter Statement, affirmatively state that plaintiff would not obtain tenure right until February 2, 1999, and object to plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "113," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

114.    Deny the factual assertions made in paragraph "114," of Plaintiff's Counter Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," and further that defendants' answer to the first amended complaint and defendants' amended answer to the first amended complaint completely supplants and replaces the answer to the original complaint, that each of those two answers correctly states that plaintiff was not appointed to a tenure track position until February 2, 1998, that there is no admission as to the September 2, 1997, date, and note further that plaintiff's did not even begin

employment at SPHS until September 10, 1997, 8 days after September 2, 1997, and respectfully refer the Court to the exhibits cited in paragraph "114," of Defendants' 56.1 Statement for a complete and accurate description of their contents.   See Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; see also  Answer to Amended Complaint, dated June 19, 2009, which is annexed to the Martinez 2/19/10 Decl., as Ex. "D,"; Amended Answer to the Amended Complaint dated November 15, 2009, Ex. "B,"; Personnel Transaction Form, dated September 10, 1997, Ex. "NN."

       115.   Deny the factual assertions made in paragraph "115," of Plaintiff's Counter Statement and affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," and further that defendants' answer to the first amended complaint and defendants' amended answer to the first amended complaint completely supplants and replaces the answer to the original complaint, that each of those two answers correctly states that plaintiff was not appointed to a tenure track position until February 2, 1998, that there is no admission as to the September 2, 1997, date, and note further that plaintiff's did not even begin employment at SPHS until September 10, 1997, 8 days after September 2, 1997, and respectfully refer the Court to the exhibits cited in paragraph "115," of Defendants' 56.1 Statement for a complete and accurate description of their contents.   See Answer, dated August 29, 2001, Ex. "EEE," ¶ "17,"; see also  Answer to Amended Complaint, dated June 19, 2009, which is annexed to the Martinez 2/19/10 Decl., as Ex. "D,"; Amended Answer to the Amended Complaint dated November 15, 2009, Ex. "B,"; Personnel Transaction Form, dated September 10, 1997, Ex. "NN."

116.    Deny the materiality of the factual assertions set forth in paragraph "116," of Plaintiff's Counter Statement, in particular deny that paragraph "116" of Defendants' 56.1 Statement raises an issue of fact to be tried, and respectfully refer the Court to the exhibits cited in paragraph "116," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

117.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "117," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d) and respectfully and respectfully refer the Court to the exhibits cited in paragraph "117," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

118.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "118," of Plaintiff's Counter Statement and, in particular, deny that paragraph "118" of Defendants' 56.1 Statement raises an issue of fact to be tried.

119.    Deny the materiality of the factual assertions set forth in paragraph "119," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d) and respectfully refer the Court to the exhibits cited in paragraph "119," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

120.    Deny the materiality of the factual assertions set forth in paragraph "120," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in

paragraph "120," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

121.   Deny the materiality of the factual assertions set forth in paragraph "121," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "121," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

122.   Deny the materiality of the factual assertions set forth in paragraph "122," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "122," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

123.   Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "123," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "123," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

124.   Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "124," of Plaintiff's Counter Statement, and affirmatively state that plaintiff was evaluated as a probationary employee during the period February 2, 1998, through June 26, 1998 and respectfully refer the Court to the exhibits cited in paragraph "124," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  See Kicinksi Decl., Exhibit "E," ¶ 6; see also HRS List Report, Exhibit "C,"; see also (a) PTF, signed by plaintiff on January 30, 1998, Bates Stamp No. 000358; (b) "Finalized" PTF, printed February 10, 1998, Bates Stamp No. 000350; (c) BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Bates Stamp No. 0262; (d) Letter from Marilyn Scher to Vicente

Blum, dated June 5, 1998, Bates Stamp No. RB2427 ("Appointment Documents"), as Exhibit

"RR,"; Frank 2009 Dep., Exhibit "Z," at 29:21-30:40; 34:10-16.

125.   Deny the factual assertions and the materiality of the factual assertions set

forth in paragraph "125," of Plaintiff's Counter Statement, and, in particular, deny that paragraph

"125," of Defendants' 56.1 Statement raises an issue of fact to be tried, and affirmatively state

that that in the High School Division, the Superintendant was not required to approve each

teacher's satisfactory annual performance evaluations and that the deposition testimony cited by

plaintiff does not support plaintiff's contrary assertions, that plaintiff's assertion that Principal

Frank "extended" plaintiff's probation is unsupported by any citation to admissible evidence as

required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d) and respectfully and

respectfully refer the Court to the exhibits cited in paragraph "117," of Defendants' 56.1

Statement for a complete and accurate description of their contents.  <u>See</u> Deposition of former

Director of BOE Office of Appeals and Reviews and author of BOE personnel manuals "Rating

Pedagogical Staff Members" and "The Appeals Process," dated November 18, 2009, which is

annexed to Martinez 2/19/10 Decl., as Ex. "C," at 91:6-91:25; 99:1-104:25; Rating Pedagogical

Staff Members, Ex. "X," at 2359, 2368; Annual Performance Review and Report, "Rules and

Instructions," dated June 26, 1998, Ex. "TT," at Bates Stamp No. 1007.

126.   Deny the factual assertions and the materiality of the factual assertions set

forth in paragraph "126," of Plaintiff's Counter Statement, and respectfully refer the Court to the

exhibits cited in paragraph "126," of Defendants' 56.1 Statement and to the Second Circuit's

decision in the above-captioned case for a complete and accurate description of their contents.

127.   Paragraph "127," of Plaintiff's Counter Statement asserts a legal

conclusion for which no response is required, to the extent a response is required, defendants

deny the factual assertions and the materiality of the factual assertions made in paragraph "127," of Plaintiff's Counter Statement, and affirmatively state that pursuant to section 2509(2) of the New York Education Law provides that "at the expiration of the probationary term. . . the superintendant of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory," and respectfully refer the Court to the exhibits cited in paragraph "127," of Defendants' Counter 56.1 Statement for a complete and accurate statement of their contents.

128.    Deny the factual assertions and the materiality of those assertions set forth in paragraph "128," of Plaintiff's Counter Statement, affirmatively state that plaintiff was never a tenured teacher and that the exhibit cited by plaintiff titled "Instructional Policies," does not support plaintiff's allegations, note that the cited handbook is dated "August 2002," more than three years after plaintiff was terminated from the BOE, object to this handbook as not admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the handbooks titled "Rating Pedagogical Staff Members" and "The Appeals Process," in place throughout the relevant periods, which establish that BOE teacher performance assessment procedures required that untenured teachers be observed in the classroom at least four times to evaluate their performance, and further respectfully refer the Court to the exhibits cited in paragraph "128," of Defendants 56.1 Statement for a complete and accurate description of their contents. See (1) BOE Handbook "Rating Pedagogical Staff Members," Bates Stamp Nos. RB2351-RB2368;  (2) High School Memorandum No. 28, "Supervisory Practices," Bates Stamp Nos. RB2424-RB2426; and (3) BOE Handbook "The Appeal Process," Bates Stamp Nos. RB2391-RB2423, ("Performance Assessment Procedures") all as "Y,"; see also See Turetsky Dep., Ex. "W," at 46:20-47:14;

50:20-52:8; 56:21-57:15; Frank 2009 Dep. Ex. "Z," at 42:6-42:13; 58:7-59:24; 94:4-94:18; Deposition of Joanne Frank, taken on April 26, 2006, ("Frank 2006 Dep."), Exhibit "AA," at 41:20-42:12; 45:12-46:27; 51:19-53:24; 65:10-66:24; CBA, Article 8, "Education Reform," Exhibit "T."

      129.    Paragraph "129," of Plaintiff's Counter Statement asserts legal conclusions and useless arguments for which no response is required, to the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions made in paragraph "129," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "129," of Defendants' Counter 56.1 Statement for a complete and accurate statement of their contents.

      130.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "130," of Plaintiff's Counter Statement, and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "130," of Defendants' Counter 56.1 Statement for a complete and accurate statement of their contents.

      131.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "131," of Plaintiff's Counter Statement, and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "131," of Defendants' Counter 56.1 Statement for a complete and accurate statement of their contents.

      132.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "132," of Plaintiff's Counter Statement, except admit that the current summary judgment motion concerns plaintiff's Due Process Clause claim only and respectfully

refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "132," of Defendants' Counter 56.1 Statement for a complete and accurate statement of their contents.

133.   Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "133," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "133," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

134.   Deny the factual assertions and the materiality of the factual assertions made in paragraph "134," of Plaintiff's Counter Statement, except admit that the current summary judgment motion concerns plaintiff's Due Process Clause claim only and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "134," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

135.   Deny the factual assertions and the materiality of the factual assertions made in paragraph "135," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited

in paragraph "135," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

136.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "136," of Plaintiff's Counter Statement, except admit that the current summary judgment motion concerns plaintiff's Due Process Clause claim only and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "136," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

137.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "137," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "137," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

138.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "138," of Plaintiff's Counter Statement, except admit that the current summary judgment motion concerns plaintiff's Due Process Clause claim only and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to

the exhibits cited in paragraph "138," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

139.   Deny the factual assertions and the materiality of the factual assertions made in paragraph "139," of Plaintiff's Counter Statement, except admit that the current summary judgment motion concerns plaintiff's Due Process Clause claim only and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "139," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

140.   Deny the factual assertions and the materiality of the factual assertions made in paragraph "140," of Plaintiff's Counter Statement, except admit that the current summary judgment motion concerns plaintiff's Due Process Clause claim only and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "140," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

141.   Deny the factual assertions and the materiality of the factual assertions made in paragraph "141," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), state further that plaintiff was never a tenured teacher and that the exhibit cited by plaintiff titled "Instructional

Policies," does not support plaintiff's allegations, note that the cited handbook is dated "August 2002," more than three years <u>after</u> plaintiff was terminated from the BOE, object to this handbook as not admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the handbooks titled "Rating Pedagogical Staff Members" and "The Appeals Process," in place throughout the relevant periods, which establish that BOE teacher performance assessment procedures required that untenured teachers be observed in the classroom at least four times to evaluate their performance, and respectfully refer the Court to the exhibits cited in paragraph "141," of Defendants 56.1 Statement for a complete and accurate description of their contents.   <u>See</u> (1) BOE Handbook "Rating Pedagogical Staff Members," Bates Stamp Nos. RB2351-RB2368;   (2) High School Memorandum No. 28, "Supervisory Practices," Bates Stamp Nos. RB2424-RB2426; and (3) BOE Handbook "The Appeal Process," Bates Stamp Nos. RB2391-RB2423, ("Performance Assessment Procedures") all as "Y,"; <u>see</u> <u>also</u> <u>See</u> Turetsky Dep., Ex. "W," at 46:20-47:14; 50:20-52:8; 56:21-57:15; Frank 2009 Dep. Ex. "Z," at 42:6-42:13; 58:7-59:24; 94:4-94:18; Deposition of Joanne Frank, taken on April 26, 2006, ("Frank 2006 Dep."), Exhibit "AA," at 41:20-42:12; 45:12-46:27; 51:19-53:24; 65:10-66:24; CBA, Article 8, "Education Reform," Exhibit "T."

142.   Paragraph "142," of Plaintiff's Counter Statement asserts legal conclusions and useless arguments for which no response is required, to the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions made in paragraph "142," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to

- 43 -

the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "142," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

143.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "143," of Plaintiff's Counter Statement, affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," that defendants' answer to the first amended complaint and the amended answer to the first amended complaint each completely supplants and replaces the answer to the original complaint, that there is no judicial admission or admission extant, state further that the error of the cited September 2, 1997, date is supported by the fact that plaintiff did not begin plaintiff's employment at SPHS until September 10, 1997, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "143," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

144.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "144," of Plaintiff's Counter Statement, and respectfully refer the Court to the cited statutes and to the exhibits cited in paragraph "144," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

145.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "145," of Plaintiff's Counter Statement, and respectfully refer the Court to the

exhibits cited in paragraph "145," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

146.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "146," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1 (d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "146," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

147.    Paragraph "147," of Plaintiff's Counter Statement asserts legal conclusions and useless arguments for which no response is required, to the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions made in paragraph "147," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1 (d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "147," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

148.    Deny the factual assertions set forth in paragraph "148," of Plaintiff's Counter Statement, except admit that as a probationary employee plaintiff was not entitled to the procedures set forth in section 3020-a of the New York Education Law, state further that plaintiff's factual assertions set forth in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1

(d), and respectfully refer the Court to the exhibits cited in paragraph "148," of Defendants' 56.1 Statement for a complete and accurate description of their contents.  See Kicinksi Decl., Ex. "E," ¶ 6; see also HRS List Report, Ex. "C,"; see also (a) PTF, signed by plaintiff on January 30, 1998, Bates Stamp No. 000358; (b) "Finalized" PTF, printed February 10, 1998, Bates Stamp No. 000350; (c) BOE Report "Pedagogues Who Are Currently On Probation – All Manhattan High Schools," Bates Stamp No. 0262; Ex. "RR."; Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34; Frank 2009 Dep., Ex. "Z," at 28:1-30:16; 34:7-34:34.

149.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "149," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "149," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

150.    Deny the factual assertions set forth in paragraph "150," of Plaintiff's Counter Statement, affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," that defendants' answer to the first amended complaint and the amended answer to the first amended complaint each completely supplants and replaces the answer to the original complaint, that there is no judicial admission or admission extant, state further that the error of the cited September 2, 1997, date is supported by the fact that plaintiff did not begin plaintiff's employment at SPHS until September 10, 1997, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to

151.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "151," of Plaintiff's Counter Statement, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "151," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

152.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "152," of Plaintiff's Counter Statement, affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," that defendants' answer to the first amended complaint and the amended answer to the first amended complaint each completely supplants and replaces the answer to the original complaint, that there is no judicial admission or admission extant, state further that the error of the cited September 2, 1997, date is supported by the fact that plaintiff did not begin plaintiff's employment at SPHS until September 10, 1997, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1 (d), and respectfully refer the Court to the Second

153.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "153," of Plaintiff's Counter Statement, affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," that defendants' answer to the first amended complaint and the amended answer to the first amended complaint each completely supplants and replaces the answer to the original complaint, that there is no judicial admission or admission extant, state further that the error of the cited September 2, 1997, date is supported by the fact that plaintiff did not begin plaintiff's employment at SPHS until September 10, 1997, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1 (d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "153," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

154.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "154," of Plaintiff's Counter Statement, in particular, deny that there is a jury questions presented, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1 (d), and respectfully refer the Court to the Second Circuit's

155.    Deny the factual assertions and the materiality of the factual assertions made in paragraph "155," of Plaintiff's Counter Statement, in particular, deny that there is a jury questions presented, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1 (d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "155," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

156.    Deny the factual assertions set forth in paragraph "156," of Plaintiff's Counter Statement, except admit that plaintiff was denied certification of completion of probation by letter, dated January 15, 1999, effective January 19, 1999 and terminated from the BOE effective February 1, 1999, and respectfully refer the Court to the exhibits cited in paragraph "156," of Defendants' Counter Statement for a complete an accurate description of their contents.

157.    Paragraph "157," of Plaintiff's Counter Statement asserts a legal conclusion for which no response is required, to the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions made in paragraph "157," of Plaintiff's Counter Statement, affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," that defendants' answer to the first amended complaint and the amended answer to the first amended complaint each completely supplants

and replaces the answer to the original complaint, that there is no judicial admission or admission extant, state further that the error of the cited September 2, 1997, date is supported by the fact that plaintiff did not begin plaintiff's employment at SPHS until September 10, 1997, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1 (d), and respectfully refer the Court to the exhibits cited in paragraph "157," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

158.     Paragraph "158," of Plaintiff's Counter Statement asserts a legal conclusion for which no response is required, to the extent that this paragraph makes factual assertions, defendants deny the factual assertions and the materiality of the factual assertions made in paragraph "158," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "158," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

159.     Paragraph "159," of Plaintiff's Counter Statement asserts a legal conclusion for which no response is required, to the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions made in paragraph "159," of Plaintiff's Counter Statement, affirmatively state that although defendants' answer to the Original Complaint incorrectly stated that "plaintiff was employed by [BOE] as a probationary teacher effective September 2, 1997," it immediately went on to assert that "plaintiff's probationary period expired on February 2, 1999," that defendants' answer to the first amended complaint and the amended answer to the first amended complaint each completely supplants

and replaces the answer to the original complaint, that there is no judicial admission or admission

extant, state further that the error of the cited September 2, 1997, date is supported by the fact

that plaintiff did not begin plaintiff's employment at SPHS until September 10, 1997, and object

to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to

admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule

56.1(d), and object to all of plaintiff's allegations set forth in this paragraph as unsupported by

any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and

Local Rule 56.1 (d), and respectfully refer the Court to the exhibits cited in paragraph "159," of

Defendants' 56.1 Statement for a complete and accurate description of their contents.

160.    Deny the factual assertions and the materiality of the assertions set forth in

paragraph "160," of Plaintiff's Counter Statement, and affirmatively state that plaintiff was

required to obey the orders of plaintiff's supervisor regardless of the opinion of the union, that

plaintiff's refusal was noted on the letter, that plaintiff testified at deposition that he did not

perform any of the duties assigned to him by that letter, and respectfully refer the Court to the

exhibits cited in paragraph "160," for a complete and accurate description of their contents. See

letter from Principal Frank to plaintiff, dated February 1, 1999, Bates Stamp No. 0993; letter

from Principal Frank to plaintiff, dated February 1, 1999, Bates Stamp No. 0992; ("Termination

Documents"), Ex. "VV,"; Reich Dep., Ex. "UU," at  126:13-127:4;  Pl. 2009 Dep, Ex. "G" at

87:1-16; Frank 2009 Dep., Ex. "Z," at 83:11-83:18.

161.    Deny the factual assertions and the materiality of the assertions set forth in

paragraph "161," of Plaintiff's Counter Statement, and affirmatively state that that plaintiff was

required to obey the orders of plaintiff's supervisor regardless of the opinion of the union, that

plaintiff's refusal was noted on the letter, that plaintiff testified at deposition that he did not

perform any of the duties assigned to him by that letter, and respectfully refer the Court to the exhibits cited in paragraph "161," for a complete and accurate description of their contents. See letter from Principal Frank to plaintiff, dated February 1, 1999, Bates Stamp No. 0993; letter from Principal Frank to plaintiff, dated February 1, 1999, Bates Stamp No. 0992; ("Termination Documents"), Ex. "VV,"; Reich Dep., Ex. "UU," at  126:13-127:4;  Pl. 2009 Dep, Ex. "G" at 87:1-16; Frank 2009 Dep., Ex. "Z," at 83:11-83:18.

162.   Paragraph "162," of Plaintiff's Counter Statement asserts a legal conclusion for which no response is required, to the extent a response is required, defendants deny the factual assertions and the materiality of the factual assertions made in paragraph "162," of Plaintiff's Counter Statement, that this paragraph does not create a jury question, and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1 (d), and respectfully refer the Court to the Second Circuit's decision in the above-captioned action and to the exhibits cited in paragraph "162," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

163.   Deny the factual assertions and the materiality of the factual assertions made in paragraph "163," of Plaintiff's Counter Statement, and affirmatively state that the allegations in this paragraph are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1 (d), and respectfully refer the Court to the exhibits cited in paragraph "163," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

164.   Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "164," of Plaintiff's Counter Statement,  and affirmatively state that plaintiff

was required to obey the orders of plaintiff's supervisor regardless of the opinion of the union, that plaintiff's refusal was noted on the letter dated February 1, 1999, that plaintiff testified at plaintiff's deposition that he did not perform any of the duties, that plaintiff's factual assertions and reliance on the letter labeled "DRAFT," are unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56 (e) and Local Rule 56.1 (d), and respectfully refer the Court to the New York Education Law and to the exhibits cited in paragraph "164," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

165.    Plaintiff has admitted to the facts as originally set forth in paragraph "165," of Defendants' 56.1 Statement.

166.    Deny the materiality of the factual assertions set forth in paragraph "166," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "166," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

167.    Deny the factual assertions set forth in paragraph "167," of Plaintiff's Counter Statement, admit that plaintiff sought to adjourn the OAR process so that he could participate in the review of his probationary termination and object to all of plaintiff's allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "167," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

168.    Deny the factual assertions and the materiality of the factual assertions set forth in paragraph "168," of Plaintiff's Counter Statement, and object to all of plaintiff's

allegations set forth in this paragraph as unsupported by any citation to admissible evidence as required by Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(d), and respectfully refer the Court to the exhibits cited in paragraph "168," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

169.    Deny the factual assertions and the materiality of the assertions set forth in paragraph "169," of Plaintiff's Counter Statement, admit that plaintiff sought to adjourn the OAR process so that he could participate in the review of his probationary termination and respectfully refer the Court to the exhibits cited in paragraph "169," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

170.    Plaintiff has admitted to the facts as originally set forth in paragraph "170," of Defendants' 56.1 Statement.

171.    Deny the factual assertions set forth in paragraph "171," of Plaintiff's Counter Statement, except admit that plaintiff brought an Article 78 proceeding purporting to challenge his termination and respectfully refer the Court to the exhibits cited in paragraph "171," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

172.    Deny the factual assertions set forth in paragraph "172," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "172," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

173.    Deny the factual assertions set forth in paragraph "173," of Plaintiff's Counter Statement, and respectfully refer the Court to the exhibits cited in paragraph "173," of Defendants' 56.1 Statement for a complete and accurate description of their contents.

174.    Plaintiff has admitted to the facts as originally set forth in paragraph "174," of Defendants' 56.1 Statement.

175.     Plaintiff has admitted to the facts as originally set forth in paragraph "175," of Defendants' 56.1 Statement.

176.     Plaintiff has admitted to the facts as originally set forth in paragraph "176," of Defendants' 56.1 Statement.

177.     Plaintiff has admitted to the facts as originally set forth in paragraph "177," of Defendants' 56.1 Statement.

178.     Plaintiff has admitted to the facts as originally set forth in paragraph "178," of Defendants' 56.1 Statement.

179.     Plaintiff has admitted to the facts as originally set forth in paragraph "179," of Defendants' 56.1 Statement.

180.     Plaintiff has admitted to the facts as originally set forth in paragraph "180," of Defendants' 56.1 Statement.

181.     Plaintiff has admitted to the facts as originally set forth in paragraph "181," of Defendants' 56.1 Statement.

Dated:      New York, New York
            March 5, 2010

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-314
New York, New York 10007-2601
(212) 227-3153
lmartine@law.nyc.gov

By:   **ECF**: _____/s/_____
                    Larry R. Martinez
                    Assistant Corporation Counsel

01 CV 3943(TLM)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICARDO BRENES,

Plaintiff,

-against-

JOANNE FRANK, et al.,

Defendants.

**DEFENDANTS' REPLY TO "PLAINTIFF'S
COUNTER 56.1 STATEMENT"**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-314
New York, New York 10007-2601

Of Counsel:   Larry R. Martinez
Tel No.:        (212) 227-3153

Matter No.:01GL000530

*Service of which is hereby acknowledged*:

*New York, New York*  Dated:  .................................2010

Signed: ...............................................................................

Attorney for: .....................................................................