01 Civ. 3943 (TLM)(LB)

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICARDO BRENES

                                              Plaintiff,

-against-

JOANNE FRANK, Principal, Norman Thomas High School, Individually and in her Official Capacity; RUDOLPH F. CREW, Individually and in his former Official Capacity as Chancellor; GRANGER WARD, Individually and in his former Official Capacity as Manhattan Superintendent, THE NEW YORK CITY DEPARTMENT OF EDUCATION; THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and the CITY OF NEW YORK,

                                              Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-314
New York, N.Y. 10007-2601
<lmartine@law.nyc.gov>

    *Of Counsel:*    Larry R. Martinez
    *Telephone:*    (212) 227-3153

LawManager No. 01GL000530

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT .....................................................................................................................3

       POINT I ..................................................................................................................3

              SUMMARY JUDGMENT SHOULD BE GRANTED
              AS TO ALL CLAIMS..................................................................................3

                  A.   Time-Bar ................................................................................................3

                  B.   Due Process Clause - No Protected Property
                       Interest: Defendants' Answer.................................................................4

                  C.   No Protected Property Interest - Tenure By
                       Estoppel..................................................................................................6

                  D.   Plaintiff Concedes That No Due Process
                       Violation Occurred In This Case. ...........................................................7

                  E.   Monell & Qualified Immunity- No BOE and
                       Individual Liability. ...............................................................................9

       CONCLUSION........................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                   **Pages**

Behrend v. Klein,
    04 Civ. 5413(CLP), 2010 U.S. Dist. LEXIS 15364 (E.D.N.Y. Feb. 22, 2010) ............................... 8

Brenes v. Board of Education,
    Index Number 6244/00, (Sup. Ct. Kings Co. Nov. 17, 2000) ......................................................... 9

Brenes v. City of New York,
    No. 07 Civ. 5549, 2009 U.S. App. LEXIS 6270 at 9-10, (2d. Cir. Mar. 23, 2009) ......................... 5

Ciambriello v. County of Nassau,
    292 F.3d 307 (2d Cir. 2002) ............................................................................................................ 6

Cleveland Bd. of Educ. v. Loudermill,
    470 U.S. 532 (1985) ......................................................................................................................... 8

Gilmore v. Shearson/American Express,
    811 F.2d 108 (2d. Cir. 1987) ....................................................................................................... 4, 6

Hellenic Am. Neighborhood Action Comm. v. City of New York,
    101 F.3d 877 (2d Cir. 1996) ............................................................................................................ 8

Higgins v. California Prune & Apricot Growers,
    3 F.2d 896 (2d Cir. 1924) ................................................................................................................ 5

Jeffes v. Barnes,
    208 F.3d 49, 47 (2d. Cir. 2000) ..................................................................................................... 10

Longo v. Suffolk County Police Dep't,
    429 F. Supp. 2d 553 (E.D.N.Y. 2006) ........................................................................................... 10

McManus v. Bd. of Educ.,
    87 N.Y.2d 183 (1995) ..................................................................................................................... 8

Mitchell v. Washingtonville Central School Dist.,
    190 F.3d 1 (1999) ............................................................................................................................ 6

Parratt v. Taylor,
    451 U.S. 527 (1981) ...................................................................................................................... 10

Peralta v. Vazquez,
    467 F.3d 87 (2d Cir. 2006) .............................................................................................................. 6

Ricca v. Board of Education
    47 N.Y.2d 395 (1979) .................................................................................................................. 2, 7

**Cases**                                                                                                                                       **Pages**

Speichler v. Bd. of Co-op Educ. Servs.,
   90 N.Y.2d 110 (1987) ........................................................................................................7

St. Louis v. Praprotnik,
   485 U.S. 112 (1988) ........................................................................................................10

Taylor v. City of New York,
   269 F. Supp. 2d 68 (E.D.N.Y. 2003) ...............................................................................3


**Statutes**

42 U.S.C. §1983 ................................................................................................................1, 11, 12

CPLR, Article 78 .......................................................................................................................1

N.Y. Educ. Law §2590-h .........................................................................................................10

N.Y. Educ. Law §3020-a ......................................................................................................1, 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICARDO BRENES,

                                  Plaintiff,

                                                               01 Civ. 3943 (TLM) (LB)

           -against-

JOANNE FRANK, et al.,

                                  Defendants.

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

        Plaintiff, a former probationary teacher employed by the New York City Board of Education ("BOE"),[1] brings this action pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging deprivation of procedural due process under the Fourteenth Amendment. Specifically, plaintiff alleges that he achieved "tenure by estoppel" and, as a tenured teacher, he was owed additional process prior to the February 1, 1999, termination of his BOE employment, including a hearing under New York Education Law § 3020-a ("3020-a hearing").

        Plaintiff stakes his entire opposition to defendants' motion for summary judgment on his unilateral belief that he achieved tenure by estoppel and, thus, had a protected property interest in continued BOE employment. Plaintiff agrees that, assuming that he was a tenured teacher, the procedures set forth in Article 78 of the New York Civil Practice Law and Rules ("CPLR") provided plaintiff with a meaningful post-deprivation remedy but contends that he was entitled to more pre-deprivation process than he received.

        Plaintiff bases his claim to tenure on: (1) defendants' alleged judicial admission contained in their answer to the original complaint; and (2) his belief that he should be deemed to

---

[1] Formally, the Board of Education of the City School District of the City of New York. Defendants are Rudolph F. Crew, Granger Ward, Joanne Frank, the BOE, and the City of New York.

have been an appointed, probationary tenure-track, teacher as of September 2, 1997, at Seward Park High School ("Seward Park") and to have achieved "tenure by estoppel" one-year later, on or about, September 2, 1998.

Defendants now reply. First, most, if not all, of plaintiff's arguments have been addressed both in defendants' memorandum in chief, dated January 15, 2010 ("Def. Memo."), and in defendants' memorandum in opposition to plaintiff's motion for partial summary judgment, dated February 19, 2010, ("Def. Opp."). <u>See</u> Docket Entries 154 and 166. Specifically, the record in this case is replete with evidence that conclusively establishes plaintiff <u>did</u> <u>not</u> have tenure and plaintiff cannot raise an issue of fact simply by claiming, without evidence, that he did. There was no vacant tenure track position at Seward Park in September, 1997, and therefore there is no possibility that he could have been appointed to such a vacancy. This is an end to plaintiff's claim of tenure and, thus, an end to his Due Process Clause claim.

Second, plaintiff's contention that defendants' original answer constitutes a binding judicial admission is simply incorrect. Plaintiff implicitly recognizes this by adding new arguments of "judicial estoppel" and "law of the case." Judicial estoppel is inapplicable here because there has been no final judgment. Similarly, "law of the case" is inapplicable because, following the Second Circuit's decision in this case, plaintiff amended his complaint and the answer to the amended complaint and the amended answer to the amended complaint each supplant the original complaint.

Third, plaintiff's reliance on <u>Ricca v. Board of Education</u> also raises no issue of fact as defendants have thoroughly addressed its inapplicability to the facts of this case. Finally, plaintiff is not contending that the normal processes for terminating tenured teachers are inadequate under the Due Process Clause, even where the tenure is achieved through "tenure by estoppel." Rather, plaintiff claims simply that the DOE erred in treating plaintiff as not having achieved tenure by estoppel. Assuming plaintiff is correct, under <u>Parratt</u> and its progeny a meaningful and adequate remedy is sufficient under the Due Process Clause. An Article 78 proceeding is such a remedy as a

matter of law. Accordingly, because no triable issue of fact exists concerning plaintiff's Due Process claim, defendants' motion for summary judgment must be granted and plaintiff's motion denied in its entirety. [2] [3]

## ARGUMENT

### POINT I

#### SUMMARY JUDGMENT SHOULD BE GRANTED AS TO ALL CLAIMS.

**A.    Time-Bar**

Plaintiff has not addressed defendants' argument that various claims are time-barred. See generally Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, dated February 19, 2010, ("Pl. Memo"), Docket Entry 162. Accordingly, for the reasons discussed in Point I of defendants' memorandum in chief, no triable issue exists regarding the fact that the many of plaintiff's claims against all defendants are barred by the applicable three-year statute of limitations. See Def. Memo., at 3-4. [4]

---

[2] Plaintiff has not addressed defendants' arguments seeking dismissal of his claims against the City of New York, including that the City is an entity separate form the DOE. Plaintiff should be deemed to have abandoned his claims against the City. Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way."). In any event, even if not abandoned, for the reasons set forth in defendants memorandum in chief, all claims against the City of New York must be dismissed in their entirety.

[3] The Court is respectfully referred to the defendants' Reply to "Plaintiff's Counter 56.1 Statement," dated March 5, 2010, ("Def. Reply 56.1"), the Declaration of Larry R. Martinez dated March 5, 2010, ("Martinez 3/5/10 Decl."), Defendants' Counter Statement Pursuant to Local Civil Rule 56.1, dated February 19, 2010, ("Def. Counter 56.1"), the Declaration of Larry R. Martinez, dated February 19, 2010, ("Martinez 2/19/10 Decl."), Defendants' Statement of Undisputed Material Facts Pursuant Local Civil Rule 56.1, dated January 15, 2010 ("Def. 56.1 Statement"), the Declaration of Larry R. Martinez, dated January 15, 2010, ("Martinez 1/15/10 Decl.") and the exhibits annexed to those declarations for a statement of pertinent and material facts. Unless otherwise indicated, all references to "Ex." are to the exhibits to the Martinez 1/15/10 Declaration.

[4] Plaintiff has not addressed defendants' argument that all claims against Joanne Frank based on a notation she made on a personnel transaction form ("PTF") transferring plaintiff to NTHS on February 2, 1998 are time-barred. Accordingly, because no triable issue of fact exists, all claims against Joanne Frank based on the February 2, 1998 PTF must be dismissed in their entirety.

**B.     Due Process Clause - No Protected Property Interest: Defendants' Answer.**

The parties agree that the DOE provides tenured teachers with pre-termination hearings in accordance with Education Law § 3020-a and that those procedures far exceed the Due Process Clause minima. The parties also agree that this rule applies to teachers who achieved tenure through "tenure by estoppel." The parties disagree over whether plaintiff achieved tenure by estoppel. Plaintiff's entire opposition to defendants' motion rests on his contention that he was appointed to a probationary teaching position at Seward Park on September 2, 1997. This allegation is the core of plaintiff's claim that he obtained tenure by estoppel on September 2, 1998, which entitled him to a 3020-a hearing prior to his February 1, 1999 termination.

Plaintiff relies first and foremost on defendants' admission made in their answer to the original complaint, which has since been supplanted by an answer to the amended complaint and then by an amended answer to the amended complaint, neither of which contained the admission. See Ex. "B," see also Martinez 2/19/10 Decl., Ex. "D." Further, it is crystal clear in the original answer that defendants were contending that plaintiff did not begin to serve his one year probationary period until February 2, 1998. Thus, there cannot be an admission at this stage of the litigation.

In any event, for the reasons discussed in defendants' memorandums, the probative value of the answer is substantially outweighed by the plethora of evidence produced in discovery, including plaintiff's own admission in a letter to his union, dated September 7, 1997, that establishes that plaintiff knew that he was not appointed to a probationary teaching position on September 2, 1997, and was still seeking such an appointment. See Def. Memo., at 6-10; Def. Opp., at 5-11.

Perhaps recognizing that there is no admission left here, if one ever existed, plaintiff shifts his legal argument for an admission made in the original answer to: (1) the Second Circuit's "ruling" regarding plaintiff's appointment date which plaintiff argues is now the "law of the case," (2) defendants are judicially estopped from asserting that he was not appointed on September 2, 1997 and; (3) the holding in Gilmore v. Shearson/American Express, 811 F.2d 108 (2d. Cir. 1987)

prevents defendants from "playing fast and loose" with the facts in this case. See Pl. Memo., at 10-14. Plaintiff's shifting legal footwork reveal the weakness of his original claim of an admission.

First, plaintiff points to a statement in the Second Circuit decision in this case that, based on the record before the Circuit at that time which included the original answer, plaintiff <u>may</u> have been appointed in September, 1997. Plaintiff now argues that defendants are forever bound by that admission based on the "law of the case" doctrine regardless of the events that have occurred in between the time of the Second Circuit's decision and today. Pl. Memo at 13. As an initial matter, this Court has already rejected this argument. <u>See</u> Order of the Honorable Tucker L. Melançon, dated December 3, 2009, Docket Entry 148. Furthermore, plaintiff strains credulity by claiming that the Second Circuit "ruled" that defendants are bound by the answer, as the Circuit <u>expressly</u> stated that it proffered "no opinion" on the impact of either an answer to an amended complaint or an amendment to the answer on plaintiff's Due Process claim. <u>See</u> <u>Brenes v. City of New York</u>, No. 07 Civ. 5549, 2009 U.S. App. LEXIS 6270 at 9-10, (2d. Cir. Mar. 23, 2009). Law of the case cannot possibly apply where the Circuit itself has indicated that this is an open issue. It need only be added that law of the case is based on the Court's "good sense" and judicial economy - it is not meant to foreclose the merits of an issue from being heard. <u>Higgins v. California Prune & Apricot Growers</u>, 3 F.2d 896, 898 (2d Cir. 1924). Thus, law of the case is inapplicable here and cannot be used to bolster plaintiff's argument for an admission.

Second, plaintiff next attempts to rely on judicial estoppel. "In order for judicial estoppel to be invoked, (1) the party against whom it is asserted must have advanced an inconsistent position in a prior proceeding, and (2) the inconsistent position must have been adopted by the court in some matter." <u>See</u> <u>Peralta v. Vazquez</u>, 467 F.3d 87, 107 (2d Cir. 2006); <u>Mitchell v. Washingtonville Central School Dist.</u>, 190 F.3d 1, 6 (1999). In this case, there has only be one judicial proceeding and defendants have not procured a judicial determination favorable to defendants by virtue of the defendants' erroneous admission. In addition, defendants have

consistently maintained that, at the time of his termination, plaintiff was not a tenured teacher. See Ex. "EEE,"; see also Martinez 2/19/10 Ex. "D,"; Ex. "B." Accordingly, plaintiff's argument for judicial estoppel must be rejected.

Finally, plaintiff's reliance on Gilmore v. Shearson/American Express, is simply absurd. 811 F.2d 108 (2d. Cir. 1987). In Gilmore, plaintiff filed suit against defendants alleging breach of contract. Id. at 109-11. Defendants sought a stay of the proceedings and moved to compel plaintiff to contractually mandated arbitration. Id. Defendants' thereafter withdrew their motion, effectively waiving their right to compel, but then attempted to re-file their motion at a later stage in the litigation. Id. The Court denied defendants' second motion to compel finding that, by withdrawing their first motion, they had waived their right to compel plaintiff to arbitrate. Id.

Neither the facts nor the holding of Gilmore are applicable here. Defendants have not waived any contractual rights concerning plaintiff and certainly have never taken an inconsistent position regarding the fact that plaintiff was never tenured. Most importantly, the Gilmore case fails to contradict the litany of Second Circuit decisions cited by defendants in their memorandum in opposition to plaintiff's motion for summary judgment that establish that defendants are not bound by the admission in the answer to the original complaint. See Def. Opp. at 5-7. This is an end to plaintiff's argument regarding the long defunct admission in the answer.

## C.  No Protected Property Interest - Tenure By Estoppel.

Process is meant to protect constitutionally recognized liberty and property interests from erroneous deprivation. See Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002). The parties agree that if plaintiff achieved tenure by estoppel then he had a property interest under the Due Process Clause and that if he did not have tenure by estoppel he had no property interest and no Due Process Clause claim. It also appears that the parties agree that unless plaintiff was appointed to a tenure track position on September, 10, 1997, at Seward Park, he did not have tenure when he was terminated on February, 1, 1999.

To avoid the conclusion that appointment did not occur until February 2, 1998, plaintiff attempts to fit the square peg of his case into the round hole of Ricca v Board of Education, 47 N.Y.2d 385, 392 (1979)("Our decision today turns in large part on the peculiar and undisputed operative facts presented on this appeal."). Plaintiff argues from Ricca that "there is no question under state law that a probationary period may commence prior to the date of formal appointment by the school board." Pl. Memo. 15-19. Under the "peculiar" facts of Ricca it was possible, however, here unlike Ricca, comparing his February, 1998, appointment with his September, 1997, substitute teaching position, plaintiff is not teaching the same thing, at the same school, and there was no tenure track vacancy in September, 1997. Unlike Ricca, an appointment to a tenure track teaching position was simply not possible in September, 1997, and was not a choice of either the Seward Park or NTHS principals. Ricca's "peculiar" facts do not exist here and there is simply no basis for Ricca's application to this case. See Def. Memo., at 11 – 14., see also Def. Opp., at 5-11.

It need only be noted that every case cited by the plaintiff in support of his tenure by estoppel claim originated in State Court through the filing of an Article 78 proceeding – a procedure which plaintiff failed to timely employ – and as discussed below, is fatal to plaintiff's claim. See Ricca, 47 N.Y.2d 385 (1979); see also McManus v. Bd. of Educ., 87 N.Y.2d 183 (1995); Speichler v. Bd. of Co-op Educ. Servs., 90 N.Y.2d 110 (1987). In short, despite the reams of materials dumped into this record, there are simply no evidence that plaintiff began a tenure track position at Seward park in September, 1997. This is an end to the Due Process Clause claim.

**D.     Plaintiff Concedes That No Due Process Violation Occurred In This Case.**

Assuming, arguendo, that there is a genuine issue of fact concerning tenure here, plaintiff received all the process constitutionally due because (1) the pre-deprivation process exceeded constitutional minima; and (2) under Parratt, the failure to recognize that plaintiff was tenured is a random and unauthorized act and a State Court Article 78 proceeding provides a meaningful and adequate post-deprivation remedy.

Under the Due Process Clause "[t]he tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). Plaintiff has failed to address defendants' argument that he received notice and opportunities to be heard through: (1) the numerous pre- and post-observation conferences during the 1998-99 school year, (2) the January 15, 1999, letter discontinuing his probationary teaching services; (3) the contractual grievance process that plaintiff invoked in 1999; (4) the C-31 process that plaintiff abandoned in May, 1999, and (5) the CPLR Article 78 in State court that plaintiff untimely filed in February, 2000. See Def. Memo., at 14-22. Plaintiff simply dismisses these arguments as a "brazen attempt" to portray this case as if it is "about the far more limited procedural due process rights owed to a probationary employee. Pl. Memo., at 3. Plaintiff's arguments are of no consequence. Behrend v. Klein, 04 Civ. 5413 (NGG)(CLP), 2010 U.S. Dist. LEXIS 15364 (E.D.N.Y. Feb. 22, 2010) (holding that C-31 Process and the availability of an Article 78 proceeding provides all the constitutional process due under the Fourteenth Amendment). [5] Nevertheless, for the reasons discussed in Point II(B) in defendants memorandums, plaintiff has failed to establish a material issue of fact concerning the process he received, or had an opportunity to receive, and that the processes met the minimal process due to him under the Constitution.

Indeed, under plaintiff's own theory of this case, the principal and superintendent made an error concerning plaintiff's tenure status. Such a random and unauthorized error, even if intentional, can be remedied by a post-deprivation State court Article 78 proceeding. Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996)("HANAC")("When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on

---

[5] For the Court's convenience a copy of this decision is attached hereto as Appendix "A."

- 8 -

random, unauthorized acts by state employees. In the latter case, the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful post deprivation remedy.").

Furthermore, plaintiff's briefs ignore defendants' argument under <u>Parratt,</u> and its progeny. <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981). Indeed, plaintiff filed an untimely Article 78 proceeding challenging his termination and unsatisfactory rating. <u>See</u> <u>Brenes v. Board of Education</u>, Index Number 6244/00, (Sup. Ct. Kings Co. Nov. 17, 2000) Ex. "CCC,"; <u>see</u> also Article 78 petition filed by plaintiff in <u>Brenes v. Board of Education</u>, Index Number 6244/00, verified by plaintiff February 16, 2000, Ex. "AAA."; Copies of the following: (1) Notice of Cross Motion to Dismiss, Affirmation of Respondents' Cross-Motion to Dismiss the Petition, dated March 24, 2000; and (2) Memorandum of Law In Support of Respondent's Cross-Motion To Dismiss, dated March 24, 2000, all Ex. "BBB." That proceeding was dismissed, *inter alia,* as time-barred because it was brought more than four months after the termination. Of course, the opportunity for an Article 78 proceeding constitutes a meaningful and adequate post-deprivation remedy whether plaintiff chooses to avail himself of that remedy in a timely manner or not. <u>See</u> <u>Longo v. Suffolk County Police Dep't</u>, 429 F. Supp. 2d 553, 559-60 (E.D.N.Y. 2006). Accordingly, plaintiff received all the process that he was due when he filed and lost his Article 78 petition.

E. <u>**Monell**</u> **& Qualified Immunity- No BOE and Individual Liability.**

Plaintiff alleges that he has established municipal liability in this case by identifying a policy or practice which was a "moving force behind the municipal defendants' constitutional violation." <u>See</u> Pl. Memo. at 23-24. To this end plaintiff identifies the testimony of a single BOE administrator, William Nelson, who plaintiff alleges testified that his office would impede the progress for appointments "even for a fully credential [sic] applicant." Pl. Memo. at 24. Plaintiff's allegations reveal nothing more than his fundamental misunderstanding of the law regulating municipal liability in § 1983 cases. First, to establish a policy or practice, plaintiff must identify

either (a) an official policy promulgated by the municipality's governing body or; (b) a single act taken by a municipal employee who, as a matter of state law, has final policymaking authority. See Jeffes v Barnes, 208 F.3d 49, 57 (2d Cir. 2000).

Here, plaintiff has failed to come forward with any evidence of an official policy promulgated by the BOE which denies tenured teachers process or appointment. Nor can plaintiff's mischaracterization of William Nelson's testimony aid plaintiff's cause as there is no evidence that Mr. Nelson had any final policy making authority over the BOE. Indeed, that authority is vested in the Chancellor. See N.Y. Educ. Law § 2590-h; St. Louis v. Praprotnik, 485 U.S. 112 (1988)(distinguishing between those who have final authority to make individual decisions and those officials who are policy makers).

Perhaps more importantly, plaintiff grossly mischaracterizes Mr. Nelson's testimony as he specifically testified that in specific situations, such as the arrest of a teacher, the BOE Office of Staffing Services would deny an appointment to a licensed teacher in accordance with BOE rules regulations and local laws. See Nelson Dep., Felix Initial Decl., Ex. "93," at 73:24-77:6. He did not contend that he had unilateral authority to do so whenever he liked and for no reason as plaintiff suggests. Rather, Mr. Nelson testified that he acted in accordance with the DOE's regulations. It need only be noted that Mr. Nelson did not testify that he exercised this authority with respect to plaintiff and thus, the existence of this authority is immaterial. Ultimately, because plaintiff has failed to establish the existence of a policy or practice, all claims against the BOE must be dismissed in their entirety.

Finally, for the reasons discussed in Point II, (E), of defendants' memorandum in chief and Point II, (D), of defendants' memorandum in opposition to plaintiff's motion for summary judgment, plaintiff has failed to prove a deprivation of any federally protected right and therefore cannot impute any § 1983 liability to any of the individually-named defendants. As such, plaintiff's claims against all the individually named defendants in this case must be dismissed in their entirety.

## CONCLUSION

**WHEREFORE**, defendants respectfully request that their motion for summary judgment be granted in all respects, that plaintiff's partial motion for summary judgment be denied in its entirety, that the First Amended Complaint be dismissed in its entirety, that the relief requested by plaintiff be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 5, 2010

        **MICHAEL A. CARDOZO**
        Corporation Counsel of the
         City of New York
        Attorney for Defendants
        100 Church Street, Room 2-314
        New York, New York 10007-2601
        (212) 227-3153

By: **ECF** /s/
        Larry R. Martinez
        Assistant Corporation Counsel

**ALAN M. SCHLESINGER**
**LARRY R. MARTINEZ**
    *Of Counsel*