UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Ricardo Brenes,

                        Plaintiff,        MEMORANDUM RULING
                                     AND ORDER
     -against-                       Case No. 01-cv-3943 (TLM)

The City of New York et al.,

                        Defendants
------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

Before the Court are the parties' cross-motions for partial summary judgment [Rec. Docs. 151, 155], and their respective memoranda in opposition thereto and in further support thereof. The parties each move for summary judgment on plaintiff Ricardo Brenes's claims based on the Due Process Clause of the Fourteenth Amendment. For the reasons that follow, defendants' Motion for Summary Judgment [Rec Doc. 151] will be GRANTED IN PART and DENIED IN PART, and plaintiff's Motion for Partial Summary Judgment [Rec. Doc. 155] will be DENIED.

**I.    Defendant's Motion for Partial Summary Judgment**

    A.    Statute of Limitations

Plaintiff's due process claims are not barred by the three-year statute of limitations on claims brought under 42 U.S.C. § 1983, as they arise from his termination, which occurred on February 1, 1999, and his complaint was filed on June 8, 2001, less than three years thereafter. Defendants' Motion as it relates to the statute of limitations will therefore be denied.

B. Plaintiff's Protected Property Interest

1. Legal Framework for Tenure by Estoppel

A teacher must have tenure to have a constitutionally-protected property interest, and whether a teacher has tenure must be decided by reference to state law. *Gentile v. Wallen*, 562 F.2d 193, 197 n. 5 (2d Cir.1977) (internal citations omitted). Under New York law, a teacher who has not been formally granted tenure may obtain tenure by estoppel. *Emma v. Schenectady City School Dist.*, 28 F. Supp. 2d. 711, 722 (N.D.N.Y. 1998) *aff'd by* 199 F.3d 1322 (2d Cir.1999); *Matthews v. Nyquist*, 412 N.Y.S.2d 501, 502 (3d Dep't 1979). Tenure by estoppel is obtained "when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term." *Brenes v. City of New York*, 2009 WL 742163, at *3 (2d Cir.2009); *see also Orshan v. Anker*, 489 F.Supp. 820, 825 (E.D.N.Y. 1980) (tenure by estoppel is obtained "where a teacher continues to teach beyond the expiration of the probationary period, with the knowledge and consent of the Board, and continues to be paid for those services").

The normal probationary period that a teacher must complete is three years, but "in the case of a teacher who has rendered satisfactory service as a regular substitute for a period of two years...the probationary period shall be limited to one year." N.Y. Educ. Law § 2573(1)(a); *see also Emma*, 28 F. Supp. 2d at 723; *Speichler v. Board of Co-op. Educational Services, Second Supervisory Dist.*, 90 N.Y.2d 110, 114 (1997). It is undisputed in this case that plaintiff had rendered the requisite service as a substitute teacher to qualify for a one-year probationary period. Therefore, he obtained tenure by estoppel if he taught for more than one year after his probationary period began. As his employment was terminated on February 1, 1999, the question of whether he

2

had tenure at the time he was terminated hinges on whether his probationary period began before February 1, 1998.

    2.  Dispute as to Commencement of Plaintiff's Probationary Period

A teacher's probationary period commences when he or she begins performing the duties of a regular teaching position, irrespective of whether or when he or she is formally appointed. *See Ricca v. Board of Education*, 47 N.Y.2d 385 (1970); *McManus v. Board of Educ.*, 87 N.Y.2d 183 (1995). New York courts have made it clear that "a school district may not artificially increase the length of the probationary period established by State law, either directly or indirectly by unduly delaying the formal appointment of a teacher to a particular position which that teacher in fact fills." *Ricca*, 47 N.Y.2d at 392.

The record before the Court is sufficient to allow a reasonable jury to conclude that plaintiff was a regular, full-time, non-substitute teacher at Seward Park High School ("SPHS") during the fall semester of 1997.[1] Plaintiff cites the deposition testimony of Jerrold Stoopack, the principal of SPHS at the time, in which Stoopack admits that plaintiff taught a full schedule of classes that semester, Stoopack Dep. 35, and deposition testimony of Ann Rosen, a United Federation of Teachers Special Representative, stating that he was employed under conditions similar to those of a regular, appointed teaching position, Rosen Dep. 15-16. Of less, but still of some effect is

---

[1] Plaintiff also argues that because defendants stated in their initial answer [Rec. Doc. 2] that his probationary period started on September 2, 1997, this Court should so find as a matter of law. However, that statement has since been superseded by defendants' Answer to Plaintiff's First Amended Complaint [Rec. Doc. 125]. While a statement made in a pleading that has not since been amended is a conclusive judicial admission, *see Brenes v. City of New York*, 2009 WL 742163, at *3 (2d Cir.2009); *Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir.2006), once a pleading is amended, the statements contained in the previous version cease to be conclusive. *See U.S. v. McKeon*, 738 F.2d 26, 31 (2d Cir.1984) (quoting *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter*, 32 F.2d 195, 198 (2d Cir.1929)).

3

plaintiff's deposition testimony that he believed at the time, based on statements made to him by union and Board of Education officials, that he was officially a regular appointed probationary teacher by virtue of his course load that semester. Brenes 2009 Dep. 114-15.

The record before the Court is likewise sufficient to allow a reasonable jury to conclude that plaintiff was a substitute teacher at SPHS, rather than a regular teacher, during that semester. Defendants cite the following: a letter from plaintiff to Tom Papas, United Federation of Teachers Secretary, dated September 7, 1997, in which he stated that "the Manhattan Superintendent's Office is forcing me to **cover** a bilingual program as a **substitute** teacher at Seward Park High School by threatening to take me off the payroll and terminating my teaching career if I do not comply," Martinez Decl., Exh. LL, at page Bates stamped "Brenes 5050" (emphasis in original); a form entitled "Procedures for Per Diem Substitutes" filled out with plaintiff's name as the "Substitute," dated September 10, 1997, Martinez Decl., Exh. MM; a "Staffing Services Personnel Transaction Form" for an assignment effective September 2, 1997, signed by plaintiff, that has the "Substitute Assignment" field marked with an 'X,' Martinez Decl., Exh. NN; a January 20, 1998 letter that plaintiff received from Jayne Godlewski, Assistant Principal at SPHS, warning that they were informing "all non-appointed staff of the possibility that [they] may be unable to offer [them] a position for the spring, 1998 semester," Martinez Decl., Exh. QQ; and a personnel transaction form signed by plaintiff with the "Appointment" field marked, rather than the "Substitute Assignment" field, but its proposed effective date is February 2, 1998, Martinez Decl., Exh. RR.

There is a genuine issue of material fact as to whether plaintiff had tenure by estoppel as of February 1, 1999. A case in which an issue such as the one at bar remains is not one in which resolution by summary judgment is appropriate, and the issue must be resolved by a jury.

4

Defendants' Motion as it relates to whether plaintiff had a protected property interest will therefore be denied.

  C.  The Process Afforded Plaintiff

Defendants argue that even if plaintiff obtained tenure before he was terminated, and thus deprived of a constitutionally protected property interest, he was afforded adequate process. The Constitution's due process guarantee "requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).[2] "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id*. at 546. Defendants suggest that plaintiff was provided such a hearing in the form of the "formal observation process," which involved periodic observations of plaintiff's classroom performance by school administrators, each of which was preceded by an administrator-teacher "discussion" and followed by a "post-observation conference" and an administrator-generated report. Defendants' suggestion is belied by their own admission that this process is designed for teachers who do not have tenure. *See* Def. Mem. at 16. Defendants also claim that plaintiff was informed on January 15, 1999 that "his probation had been discontinued," but present no argument nor cite any jurisprudence indicating that such notice would constitute the hearing to which a teacher is entitled if he or she in fact has tenure by estoppel. Defendants' Motion

---

  [2]Defendants suggest that the various post-deprivation grievance procedures available to plaintiff constituted adequate process, and refer to *Naramunchi v. Board of Trustees of Connecticut State*, 850 F. 2d 70 (2d Cir.1988) and *Segal v. City of New York*, 459 F. 3d 207 (2d Cir.2006) for support. Nothing in either case, however, indicates that post-firing grievance procedures satisfy the process requirement for tenured employees. The former dealt with a professor who was disciplined but not fired, and the latter dealt with a teacher who did not have tenure.

5

as it relates to whether plaintiff was afforded due process, if he was in fact entitled to such process, will therefore be denied.

    D.      Availability of Article 78 Proceedings

Defendants argue that plaintiff's due process claims are barred by the availability of a post-deprivation procedure under Article 78 of the New York Civil Practice Law and Rules. Under "law of the case" doctrine, "when the court of appeals has ruled on an issue and has remanded the case to the district court, the district court on remand is required to follow that ruling." *U.S. v. Carr*, 557 F.3d 93, 102 (2d Cir.2009). The Second Circuit has already ruled in this case that plaintiff may bring due process claims arising from his termination, and is not barred from doing so by his failure to attain relief through Article 78. *See Brenes v. City of New York*, 2009 WL 742163, at *2 (2d Cir.2009). This Court is bound by and will most certainly abide by the Second Circuit's ruling. In any event, defendants' conclusory assertion that plaintiff's termination was "random and unauthorized," upon which their argument rests, *see Hellenic American Neighborhood Action Committee v. City of New York*, 101 F.3d 877, 882 (2d Cir.1996), is not supported by the record before the Court. Defendants' suggestion that plaintiff "readily concedes" as much, for which they cite a 31-paragraph section of plaintiff's First Amended Complaint, is factually incorrect. Defendants' Motion as it relates to Article 78 Proceedings will therefore be denied.

    E.      *Monell* Liability

Defendants assert that plaintiff's due process claims against the governmental defendants should be dismissed under the Supreme Court's decision in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Under *Monell*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," and that it is only "when

execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. at 694.

"Only those municipal officials who have final policymaking authority may by their actions subject the government to § 1983 liability." *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir.2000) (internal quotation marks omitted). "The matter of whether the official [who made a particular decision] is a final policymaker under state law is to be resolved by the trial judge before the case is submitted to the jury." *Id.* (internal quotation marks omitted). "Liability for unauthorized acts is personal; to hold the municipality liable, *Monell* tells us, the agent's actions must implement rather than frustrate the government's policy." *Roe v. City of Waterbury*, 542 F.3d 31, 36-37 (2d Cir.2008). "[T]he critical inquiry is not whether an official generally has final policymaking authority; rather, the court must specifically determine whether the government official is a final policymaker with respect to the particular conduct challenged in the lawsuit." *Id.* at 37.

If plaintiff possessed tenure when he was terminated, which he will have to establish at trial, to the satisfaction of a jury, in order to succeed on his due process claims, then the officials who terminated him lacked the final policymaking authority to do so, as the procedures for removing a tenured teacher require various formal proceedings. *See* N.Y. Educ. Law § 3020-a. Assuming, *arguendo*, that plaintiff possessed tenure when he was terminated, the individual defendants who terminated plaintiff were acting outside their policymaking authority when they did so, and could not have subjected the City of New York or any of its agencies to liability in the event they acted improperly. Defendants' Motion as it relates to plaintiff's due process claims against the governmental defendants will therefore be granted.

7

F.   Qualified Immunity

Finally, defendants argue that the individual defendants, Joanne Frank, Rudolph Crew, and Granger Ward, are entitled to qualified immunity on plaintiff's due process claims against them. "A government official is entitled to qualified immunity from suit for actions taken as a government official if...the official's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." *Cuoco v. Moritsugu*, 222 F.3d 99, 109 (2d Cir.2000). "Summary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness." *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir.1999). If plaintiff's due process rights were in fact violated, the reasonableness of the individual defendants' actions cannot be determined without a factual finding as to what role each defendant played in plaintiff's termination, and what each defendant knew or should have known about plaintiff's tenure status when plaintiff was terminated. Defendants' Motion as it relates to qualified immunity will therefore be denied.

**II.   Plaintiff's Motion for Partial Summary Judgment**

The success of plaintiff's Motion rests on his showing, as a matter of law, that he had tenure at the point at which his employment was terminated.[3] As the Court has found that there are genuine issues of material fact as to whether plaintiff had tenure by estoppel as of February 1, 1999, plaintiff's Motion for Partial Summary Judgment [Rec. Doc. 155] will be denied.

---

[3]Plaintiff also argues that he was not given the required timely notice that he was being denied tenure. However, that procedural violation would have no bearing on whether he had a constitutionally-protected property interest. *See Turano v. Board of Ed. of Island Trees Union Free School Dist. No. 26*, 411 F.Supp. 205, 210 (E.D.N.Y.1976); *Emma v. Schenectady City School Dist.*, 28 F.Supp.2d 711, 720 (N.D.N.Y.1998), *aff'd* 199 F.3d 1322 (2d Cir.1999).

### III. Conclusion

Based on the foregoing, it is

ORDERED that defendants' Motion for Summary Judgment on plaintiff Ricardo Brenes's due process claims [Rec Doc. 151] is GRANTED with respect to plaintiff's due process claims against defendants the New York City Department of Education, the Board of Education of the City of New York, and the City of New York, and DENIED with respect to all other claims, and plaintiff Ricardo Brenes's Motion for Partial Summary Judgment on his due process claims [Rec. Doc. 155] is DENIED.

**SO ORDERED.**

                                                Tucker L. Melançon
                                                United States District Judge

August 5, 2010
Brooklyn, NY